Holland et al. *v.* Brown et al., Appellants.

Argued May 11, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Henry J. Gelm,* with him *Joseph F. Mayhugh,* for appellants.—The modern doctrine, as adopted in our Commonwealth, modifies the fixed rules of the older decisions and makes the validity of an agreement in restraint of trade depend upon whether the restraint is reasonable as applied to the particular case in question, having regard to the public interest and consider-ing the question whether or not such a contract tends to lessen competition or to raise the price of commod-ities: Harkinson's App., 78 Pa. 196; Henschke v. Moore, 257 Pa. 196; Erie County Milk Assn. v. Ripley, 18 Pa. Superior Ct. 28.

The contract is illegal and void as a combination in restraint of trade in a commodity, and therefore against public policy: Nester v. Brewing Co., 161 Pa. 473; Kuhn v. Buhl, 251 Pa. 348.

*G. Malcolm McDonald,* for appellees, was not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 27, 1931:
The present appeal is from a decree restraining de-fendants from violating the provisions of a merger con-

tract by which they and others bound themselves not to enter into the dairy business in competition with the Valley Dairy Company.

Previous to March, 1925, sixteen dairymen and dealers in dairy products, who comprise plaintiffs or defendants in this proceeding, had conducted their businesses independently of each other in a number of boroughs and townships contiguous to and near by the Borough of East Pittsburgh in Allegheny County. Before March 1, 1925, these independent dealers had been associated together only for coöperative purchasing purposes, under the name of "Conneautville Dairy Products Company." In March, 1925, they resolved to merge their various independent businesses. As a result of this agreement, the sixteen individuals executed a merger contract under the terms of which the Valley Dairy Company, a Pennsylvania corporation domiciled in the Borough of East Pittsburgh was organized. The sixteen dairymen contributed $3,000 each to the new company and turned into it the equipment, assets and good will of their respective dairy enterprises. The new corporation began business with Henry A. Brown as president and A. H. Brown and J. E. Braun as directors and also employees. In March, 1930, because of friction in the company, Henry A. Brown resigned as president and later all three defendants resigned as directors, and at the same time terminated their employment with the company.

The individual plaintiffs in this proceedings were and are directors of the Valley Dairy Company; together they comprise the present board of directors of the corporation. The parties named as plaintiffs and as defendants are owners of all the capital stock of the Valley Dairy Company.

The merger agreement signed by plaintiffs and defendants sets forth among other provisions, "We hereby agree severally and jointly not to go into the dairy business or any business or employment of a competitive

nature within a radius of ten miles of East Pittsburgh, Pennsylvania." The bill alleged defendants, in violation of the agreement of merger above referred to, "laid plans for the operation of a new and competitive dairy business, and began systematic efforts to solicit and procure the trade and business of the said Valley Dairy Company, and on April 1, 1930, actually opened a dairy plant on Bessemer Avenue, East Pittsburgh, Pa., and openly and actively began to solicit the trade custom and business of the said Valley Dairy Company, and to sell and deliver to the customers of the said Valley Dairy Company, in the Borough of East Pittsburgh, Pennsylvania, milk, cream and other dairy products."

Plaintiffs' testimony shows that, because of defendants' competitive activity, the Valley Dairy has suffered loss of its customers and trade and is being financially damaged thereby to a considerable extent. The court found substantially the facts stated above and enjoined defendants from engaging in the dairy business or any business of a competitive nature, in the Borough of East Pittsburgh or within a distance of ten miles of that municipality by the ordinary routes of travel.

The action of the court below is resisted by appellants who allege the provision in the merger contract, subscribed to by defendants, forbidding competition within a radius of ten miles of East Pittsburgh, is illegal and unenforceable because in restraint of trade and not limited in time.

We have recently said that an agreement of this character, "being limited in space, though unlimited in time, is prima facie good": Sklaroff v. Sklaroff, 263 Pa. 421, 424. Furthermore, "the presumption is that [such] contracts are legal, not illegal, and the burden is on him who sets up illegality as a defense in a suit to enforce a contract, to show how and why it is unlawful": Harbison-Walker Ref. Co. v. Stanton, 227 Pa. 55, 63. In the latter case, it was also said: "The rule of common honesty should require the seller with his large profits

in his pocket to keep his covenant and . . . courts should not be astute to raise up broad questions of public policy in aid of one whose sole purpose is to avoid the obligations of his contract. The trend of decisions in recent cases is in this direction, and it is a wholesome tendency in the interest of fair and honest dealings among men." Defendants should not be permitted to violate their business merger agreement in which plaintiffs, as well as themselves invested money and contributed property in an enterprise whose success depended to a large extent upon mutual promises of the signers not to engage in competitive business against the interest of the undertaking in which all were parties. In executing the mutual promise of a definite and certain character, each signer conclusively agreed with the others not to engage in competitive business within the ten-mile radius area. Defendants now seek to evade this positive and unequivocal contract.

The business for which the Valley Dairy Company was formed is the distribution and sale of dairy products, both wholesale and retail; and the evidence disclosed and the court found that strong competition existed in both classes of trade in the populous and growing district included in the merger agreement; that the parties to the contract expected the business to expand and that it has increased and the dairy company possesses capacity and facilities to further profitably extend its trade within the ten-mile field; defendants now not only seek to invade the company's prospective territory but also appear actually to have intruded upon the reserved area in which it is operating. In considering the reasonableness of restrictions of the character here involved, courts of equity will take cognizance of the great reduction of the barriers of space and time which modern speedy means of transportation and communication have made. What would have been an unreasonably large restricted field a few years ago may now be within the compass of what we have come to regard

as a comparatively limited and usual field in which local business concerns operate. This consideration must, of course, always be subject to limitations which courts have defined in distinguishing between partial and general restraints. Under the circumstances here presented and established by the evidence, we are of opinion the ten-mile restriction is not objectionable and that defendants' competitive activities within that radius should be enjoined. The area-limiting clause of the merger agreement here in question, having regard to the subject matter of the contract, is not against public policy or unreasonable; it merely affords a fair protection to plaintiffs and does not oppress defendants: see Leather Cloth Co. v. Lorsont, 9 L. R. Eq. C. 345; Smith's Appeal, 113 Pa. 579, 590. Appellants' assignments of error are overruled.

The injunction entered by the court below is affirmed; costs to be paid by appellants.