## Bachman v. Gogel

*David G. Welty,* for plaintiff.

*Howard N. Stark,* for defendants.

FRANCIOSA, J., November 3, 1970.—Plaintiff filed his complaint in equity for an injunction restraining defendants from directly or indirectly engaging in the business of plaintiff, except on behalf of plaintiff. In addition, he requests that defendants be required to account for profits derived from engaging in plaintiff's line of business, and to pay him such damages as he has sustained in consequence of their conduct.

Defendants filed responsive answers and new matter consisting of a counterclaim. The counterclaim, in an amount of not less than $2,000, was based on allegations that plaintiff has interfered with the normal course and operation of defendants' business.

Testimony in full having been heard in open court on March 16, 1970, the cause is now before us for final disposition. Based upon our review of the pleadings and the testimony, we make the following

## FINDINGS OF FACT

1. On July 31, 1968, plaintiff and defendants entered into a written agreement of sale in which defendants sold certain parts and equipment for motor vehicles to plaintiff for the sum of $41,922.86.

2. Paragraph 8 of said agreement provides the following:

"8. Parties hereto agree that neither they, nor their associates, agents or nominees, or any individual or entity in any way connected with them, will, through their efforts or business activities in any manner engage in any conduct which would result in deliberately competing with each other, within a radius of ten (10) miles from the location of the herein mentioned leased premises."

3. The leased premises referred to is a portion of a garage building owned by defendants, and it is situated at 119 Main Street, Walnutport, Pa.

4. From July 31, 1968, until on or about November 13, 1969, plaintiff engaged in the business of selling automotive parts on that portion of the garage premises he leased from defendants.

5. During that same period, defendants operated an automobile repair shop on a portion of the premises not covered by the lease.

6. Plaintiff was given notice to vacate the premises which he leased from defendants and, pursuant to such notice, on or about November 13, 1969, he discontinued his place of business at 119 Main Street, Walnutport, Pa.

7. Plaintiff's present place of business is located at North Walnut Street in Slatington, Pa., where he continues to sell new and rebuilt auto parts to garages and the general public.

8. Defendants continue to operate an automotive garage at 119 Main Street, Walnutport, Pa.

9. Since July 31, 1968, defendants have engaged in the same operations which they conducted prior to that date. Such operations included then, and include now, the sale of auto parts to the general public.

## DISCUSSION

The evidence indicates that defendants are engaging in the sale of automotive parts to the general public. Are they restricted from doing so because they entered into a written agreement with plaintiff under the terms of which they agreed that they "nor their associates, agents or nominees, or any individual or entity in any way connected with them, will, through their efforts or business activities in any manner engage in any conduct which would result in deliberately competing with each other, within a radius of ten (10) miles from the location of the herein mentioned leased premises?"

We are well aware of the latitude accorded to restrictive convenants not to engage in a similar business when they are included in agreements providing for the sale of real or personal property. It is well established that where the intent of the parties is clear, even inartistically drawn restrictive covenants should be enforced: Stofflet v. Stofflet, 160 Pa. 529 (1894).

As broad as this rule has come down to us as part of the present day law of Pennsylvania, we cannot sustain the reasonableness of this particular restrictive covenant.

The "Restatement, Contracts, §515 states . . . a restraint of trade is generally unreasonable . . . 'if it (a) is greater than is required for the protection of the person for whose benefit the restraint is imposed,' . . .": Harris Calorific Company v. Marra et al., 345 Pa. 464 (1942). The facilities for the sale of automotive parts are numerous in the 10-mile area

covered in the instant case and, therefore, it is not at all clear that the territorial scope of the covenant is, in its full extent, necessary for the protection of plaintiff.

In this case, moreover, the convenant not to compete is unlimited in time. Plaintiff relies on those decisions which hold that an agreement of this character, if limited in space, though unlimited in time, is prima facie good: Harris Calorific Company v. Marra, supra; Holland v. Brown, 304 Pa. 545 (1931). Proof of the reasonableness of the territorial restraint is required before these decisions are made applicable.

Also, the covenant is not limited to the property which was transferred under the buy-sell agreement. The restraint of competition is not confined to the sale of automotive parts, but extends to business activities or any manner of conduct which would result in "deliberately competing with each other, . . ."

The remaining question raised in determining the clear intent of the parties concerns the interpretation to be given to the words "deliberately competing." This language supports a finding that some degree of competition was contemplated by the parties. Under such circumstances, the covenant before us does not constitute a clear, unequivocal and decisive waiver of competition. We conclude that the covenant is too indefinite, and therefore, we are unable to ascertain the clear intent of the parties.

## CONCLUSIONS OF LAW

1. Paragraph 8 in the agreement of sale of July 31, 1968, is too vague and will not be enforced to restrain plaintiff and defendants from competing with one another.

2. Paragraph 8 is void as to both parties, and therefore, damages are not allowable to defendants under their counterclaim.

## DECREE NISI

And now, November 3, 1970, it is ordered, adjudged and decreed that:

1. Plaintiff's Complaint in equity is dismissed and a decree nisi entered for defendants.

2. Defendants' counterclaim is denied and dismissed and a decree nisi entered for plaintiff.

3. All parties are to pay their own costs.

The prothonotary is directed to enter this decree nisi and to give prompt notice of the same to the parties. If no exceptions are filed within 20 days, this decree shall be entered as a final decree.