Colonial Mortgage Service Company *v.* Melrose
Country Club, Appellant.

Argued November 19, 1964.   Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*Alan J. Davis*, with him *Wolf, Block, Schorr & Solis-
Cohen*, for appellant.

*Abraham L. Shapiro,* with him *Norman C. Henss,* and *Cohen, Shapiro, Berger and Cohen,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 12, 1965:

The plaintiff filed a complaint in assumpsit in which it alleged that it was employed by the defendant-appellant to secure a mortgage in the sum of $350,000 to $400,000, with interest to be no more than $6\frac{1}{4}\%$. The defendants were to pay a fee of $25,000 for the obtaining of a commitment on this mortgage.

On March 1, 1963, by letter, the appellee advised the country club that it had obtained a commitment for a $400,000 first mortgage with interest at $6\frac{1}{4}\%$ from the Monumental Life Insurance Company of Baltimore, Maryland, subject to certain enumerated conditions, one of which being that a fee of $25,000 was payable by payment of $12,500 upon acceptance of the commitment, and the balance at the time of final settlement or on the expiration of the commitment on April 30, 1963. On March 5, 1963, the country club accepted the commitment under seal and by signature of its president and secretary.

The defendants filed an answer, the essence of which alleged that the agreement which they signed was predicated upon certain oral conditions. The plaintiff-appellee moved for judgment on the pleadings, assigning the fact that the defendant had raised a defense barred by the parol evidence rule. The court below sustained the contention of the plaintiff and granted judgment on the pleadings. This appeal followed.

The defendant-appellant assigns three reasons why the judgment on the pleadings should be vacated. The first issue raised by the appellant is that the complaint does not state that a mortgage commitment *was* obtained, but only alleges that the plaintiff *advised* that a commitment was obtained. However, in paragraph 8 of the complaint, there is incorporated, by reference thereto, an exhibit comprising the letter advising ap-

pellant of the mortgage commitment and containing appellant's acceptance. The conditions of this letter were accepted by the defendant-appellant. The letter, which is made a part of the complaint, clearly states that a mortgage commitment had been obtained and the financing institution was clearly named. Thus, a perusal of the pleadings, together with the exhibits, discloses that the complaint does allege that a mortgage commitment *had* been obtained.

The second point raised by the appellants is admissibility of parol evidence to alter or explain the terms of a written instrument. The appellant alleges that an oral agreement existed whereby the commitment would have to be accepted by a vote of the members of the defendant country club. The law on this point is well settled that when the parties intentionally, and without fraud or mistake, reduce their agreement to a writing, then that writing is the best and only evidence of the terms of the agreement. *Sokoloff v. Strick,* 404 Pa. 343, 172 A. 2d 302 (1961), and cases cited therein.*

The next issue raised by the appellant is that the mortgage commitment was conditioned, among other things, on the payment of the mortgage broker's commission. Does, then, the condition confer a right of action on the broker even though the mortgage was never closed? This type of "which comes first" question is more easily disposed of than its chicken or egg cousin. The broker was entitled to a commission once it secured a commitment from a willing lender. The fact that the country club did not close the mortgage does not alter the fact that it had accepted the commitment and as such rendered it liable for the fee.

Judgment affirmed.

---

* The letter was accepted with the seal and the signatures of the president and secretary of the country club. Their authority to act was not raised and so this issue is not discussed.