Hayes, Appellant, *v.* Altman.

24

Argued September 30, 1966.   Before BELL, C. J., MUSMANNO, JONES, EAGEN and O'BRIEN, JJ.

*Clyde E. Donaldson,* for appellant.

*Silvestri Silvestri,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 20, 1967:
Appellee, Dr. Theodore L. Altman, a duly licensed Optometrist in this Commonwealth, negotiated a 5-year employment contract with appellant, Dr. Thomas A.

Hayes. The agreement, inter alia, provided a starting salary 36% higher than that which appellee was receiving from the firm he left; uniform yearly increases of $520; health and accident insurance coverage; an option to purchase his employer's practice, and a restrictive covenant which reads as follows: "During the term of this agreement, employee shall devote his best efforts and his entire time to advance the interests of employer, and he shall not directly or indirectly, alone or as a member of a partnership, or as an officer, director, stockholder, or employee of any other corporation, or employee of any other individual, be engaged in or concerned with any work or services pertaining to the practice of optometry. Following the termination of the term of this contract of employment, for any cause whatsoever, employee shall not, directly or indirectly, alone or as a member of a partnership, or as an officer, director, stockholder, or employee of any other corporation, or employee of any other individual, be engaged in the practice of optometry in the Borough of Monroeville or elsewhere within a radius of six air miles of the office of employer herein, with the exception of that district of Pittsburgh lying north of the Allegheny River, and all Boroughs and Townships lying north of said Allegheny River, and with the further exception of Mt. Lebanon, Dormont, and Brentwood, Allegheny County, for a period of three (3) years from said termination of the term of this contract of employment. Provided, however, that such restriction on practice of optometry in Monroeville and elsewhere within a radius of six (6) air miles shall not apply to employee in the event employer, during his lifetime, shall discharge employee without cause."

At the expiration of the agreement on December 31, 1963, Dr. Altman continued to work for Dr. Hayes. However, the parties were unable to negotiate a new contract of employment. On March 13, 1964, a work-

ing day, Dr. Hayes discharged Dr. Altman, as Dr. Altman had not signed another agreement. There is no dispute as to Dr. Altman's work having been completely satisfactory.

Following his discharge, Dr. Altman, in April of 1964, opened an office for the practice of Optometry in Monroeville, Pennsylvania, 6.3 air miles from the office of the appellant. The chancellor found, in finding of fact No. 15: "Defendant advertised the opening of his office in public newspapers circulated throughout the Borough of Monroeville, Swissvale, and surrounding municipalities. Defendant also sent postal card announcements of the office opening to a number of persons, some of which were or had been patients of the plaintiff." The findings of fact of the chancellor were not excepted to by appellee, Dr. Altman.

The chancellor, in his discussion, set forth the basic issue for determination: ". . . whether the restrictive covenant contained in the employment contract dated January 1, 1959, is valid and enforceable under the factual circumstances of this case." The chancellor then went on to find in his conclusions of law No. 2: "The general covenant not to compete within a certain area for a certain time period was not reasonably necessary for the protection of plaintiff employer and constitutes an undue hardship upon defendant and is, therefore, not enforceable in the factual circumstances of this case." This conclusion of law of the chancellor was affirmed by the court en banc, one judge dissenting. This appeal followed.

We said, in *Keyser v. Margolis,* 422 Pa. 553, 223 A. 2d 13 (1966) : " ' "In passing upon the questions raised on this appeal we must adhere to the well-established rule that a chancellor's findings of fact, approved by a court en banc, have all the force and effect of a jury's verdict if they are supported by adequate evidence and ordinarily will not be disturbed on appeal: [citing

cases]. However, the chancellor's 'conclusions, whether of law or ultimate fact are no more than his reasoning from the underlying facts and are reviewable' . . ." ' Shydlinski v. Vogt, 406 Pa. 534, 537, 179 A. 2d 240 (1962)." With the conclusions reached by the chancellor and his reasons therefore, we cannot agree. The agreement specifically set forth the Borough of Monroeville as a place wherein the younger doctor could not set up an office upon termination of his employment. There is no question that this agreement was made between Dr. Altman and Dr. Hayes, nor is there any question that Dr. Altman is violating this agreement. The chancellor's findings of fact support these aforementioned premises, yet in his discussion, he bases his reasoning and conclusions on our case of *Morgan's Home Equip. Corp. v. Martucci,* 390 Pa. 618, 631, 136 A. 2d 838 (1957) : ". . . When restrictive covenants are limited to the area of potential competition with the purchaser and limited in time to the period required for the purchaser to establish his own customer following, then they are enforceable although a partial restraint upon the free exercise of trade.

"Quite different reasons motivate the upholding of general covenants not to compete which are ancillary to employment. An employe may receive specialized training and skills, and learn the carefully guarded methods of doing business which are the trade secrets of a particular enterprise. To prevent an employe from utilizing such training and information in competition with his former employer, for the patronage of the public at large, restrictive covenants are entered into. They are enforced by the courts as reasonably necessary for the protection of the employer. [citing cases]. A general covenant not to compete, however, imposes a greater hardship upon an employe than upon a seller of a business. An employe is prevented from practicing his trade or skill, or from utilizing his experience in

the particular type of work with which he is familiar. He may encounter difficulty in transferring his particular experience and training to another line of work, . . . Further, the employe will usually have few resources in reserve to fall back upon, and he may find it difficult to uproot himself and his family in order to move to a location beyond the area of potential competition with his former employer. . . . In view of this greater hardship imposed upon an employe, general covenants not to compete which are ancillary to employment will be subjected to a more stringent test of reasonableness than that which is applied to such restrictive covenants ancillary to the sale of a business. Restatement, Contracts, §515(b), comment b (1932); Annotations, 43 A.L.R. 2d 94, 111 (1955), 41 A.L.R. 2d 15, 30 (1955)."

Following this line of reasoning, the lower court found that in the instant case, ". . . there is no evidence that defendant employee received any special skill or training or insight into the methods of the business of the plaintiff which would make it inequitable to have him compete with plaintiff for the patronage of the general public. Therefore, under these facts, the chancellor is of the opinion that the general covenant not to compete is not reasonably necessary for the protection of the plaintiff and constitutes an undue hardship upon the defendant. As such, it is unenforceable in this case."

It is not necessary that an employee receive specialized training and skills before we will enforce a restrictive covenant. In the *Morgan* case, supra, on page 631, we said an employee *may* receive specialized training and skills, not that an employee *must* receive specialized training and skills, before the restrictive covenant will be enforced. General covenants not to compete, therefore, are subject to the stringent test of reasonableness as to time and geographical area, and

the receiving of special training and skills is just a fact that must be considered and alone is not necessarily controlling. We also said at page 628: "We have held that employment contracts containing general covenants by an employe not to compete after the termination of his employment are prima facie enforceable if they are reasonably limited as to duration of time and geographical extent. Seligman & Latz v. Vernillo, 382 Pa. 161, 114 A. 2d 672 (1955); Plunkett Chemical Co. v. Reeve, 373 Pa. 513, 95 A. 2d 925 (1953). General covenants are reasonably limited if they are 'within such territory and during such time as may be reasonably necessary for the protection of the employer . . . without imposing undue hardship on the employee . . .'. Restatement, Contracts, §516(f) (1932)." See also: *Beneficial Finance Co. of Lebanon v. Becker,* 422 Pa. 531, 222 A. 2d 873 (1966); *Albee Homes, Inc. v. Caddie Homes, Inc.,* 417 Pa. 177, 184, 185, 207 A. 2d 768 (1965) and cases cited therein; *Barb-Lee Mobile Frame Co. v. Hoot,* 416 Pa. 222, 206 A. 2d 59 (1965).

In the instant case, the restrictive covenant limiting the appellant from practicing within a radius of 6 air miles from the office of the employer and the Borough of Monroeville, for a period of 3 years, is reasonable as to duration of time and geographical extent, and, in our opinion, does not impose any undue hardship upon the appellee.

Decree reversed, costs on appellee.

Mr. Justice MUSMANNO dissents.