## Berks Packing Company, Inc. v. Landis

*Mark C. McQuillen*, for plaintiff.

*Adam B. Krafczek* and *Charles H. Weidner*, for defendants.

BERTOLET, J., September 19, 1968.—This is a proceeding in equity in which plaintiff seeks to enjoin a former employe, a commission driver-salesman of its meat products, from selling products of a rival within the same territory served by said former employe while working for plaintiff, for a period of two years after leaving plaintiff's employ as provided by a restrictive covenant in the employment agreement between plaintiff and the employes' union. Plaintiff also seeks to enjoin its rival from supplying goods for such sales and asks for damages from both defendants for loss of profits, cost of injunction bond, and value of lost services of employes required to come to court.

## FINDINGS OF FACT

1. Defendant Landis, a union member, entered into the plaintiff's employ as a commission driver or driver-salesman of plaintiff's meat products in May 1960. At that time all such employes of plaintiff were covered by a then existing contract between a union and plain-

tiff which contained a covenant prohibiting such employes from selling meat products in competition with plaintiff in the territory served by them while in the plaintiff's employ during a period of two years after leaving such employment. It does not appear that Landis was specifically advised of said covenant.

2. On or about April 23, 1962, a new employment contract was entered into between the union and plaintiff covering the same category of employes and containing a similar restrictive covenant. By a writing bearing even date with said contract but which may have been signed several days later, Landis affirmed knowledge of such covenant and assented to it.

3. Landis continued in the employ of plaintiff until March 5, 1965, and shortly thereafter he entered into business for himself selling similar meat products to some of the same and similar customers in the same territory he had served as an employe of plaintiff. He obtained most but not all of his goods from the other defendant Vallee Maid Provision Company and also rented a truck from the latter, all on liberal credit terms. Landis continued such activity for about six weeks until this court preliminarily enjoined him on May 11, 1965.

4. Defendant Vallee Maid Provision Company's plant superintendent and the person with whom defendant Landis dealt was one Diddlebock, who had been in the employ of plaintiff in a similar capacity until about six months prior to Landis' withdrawal from plaintiff's employ. While Diddlebock could well have known of the restrictive covenant in the commission drivers' employment contract, and it is surprising if he did not, the proof that he did leaves a possibility to the contrary.

5. During the approximately six weeks that defendant Landis sold rival products in the territory he had formerly served as an employe of plaintiff, he

made sales aggregating $5,000 of which from $2,000 to $3,000 worth was to customers of plaintiff and on which plaintiff's president calculated that plaintiff would have made $648.76 profit had said sales been made in plaintiff's behalf. It does not appear whether the driver-salesman who succeeded to Landis' route in plaintiff's employ operated at a profit or loss in the same period. Plaintiff paid $100 for an injunction bond and lost the value of the services of its employes required to come to court in this matter in the sum of $115.

### DISCUSSION

Although the two year period during which defendant-employe is restricted in his post-employment competitive activities under the union-employer employment contract has passed so that the matter of an injunction is now moot, it is necessary to decide the validity of said restriction in order to determine plaintiff's claim for damages.

As a general rule a covenant restricting an employe's activity as a competitor after the termination of his employment is valid if part of a contract of employment and the restrictions are reasonable: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618 (1957). We are of the opinion that the instant case falls within that principle: Standard Dairies, Inc. v. McMonagle, 139 Pa. Superior Ct. 267 (1940); Hayes v. Altman, 424 Pa. 23 (1967). We further believe that it makes no difference whether the employment contract is with an individual employe or a union.

Defendants contend that the covenant is invalid because the union had no authority to bargain on this subject under the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, 43 PS §211.7(a) which provides that the union shall be the representative "for the purposes of collective bargaining in respect to

rates of pay, wages, hours of employment, or other conditions of employment" on the ground that such a restrictive covenant is not a condition of employment. Defendants citing no authority for their position, we are not impressed with this argument and the fact that both the employer and the union believed that the covenant was a proper subject for the contract reinforces our opinion.

Defendants next contend that the restrictive covenant is void for the reason that it was not ancillary to the taking of employment because defendant Landis cannot be considered as having taken employment under the then existing contract between the union and plaintiff. We are of a contrary opinion, however, under the facts of the case. We are of the opinion that Landis, a member of the union, must be held to a knowledge of the existing union contract as of the time of his employment and that he cannot deny its disadvantages while accepting its benefits. Further, we do not believe that this covenant, existing in the union contracts with plaintiff prior to defendant Landis' employment, was "an after-thought to impose additional restrictions on the unsuspecting employe." See Beneficial Finance Co. of Lebanon v. Becker, 422 Pa. 531. Pennsylvania Linen Rental Service v. Kercher, 56 Berks 157 (C. P. Berks County 1964), cited by defendants, involved a different set of facts.

With respect to liability of second defendant, Vallee Maid Provision Company, while we are not convinced that it is a completely innocent party, we do not believe that the evidence is sufficient in law to prove it guilty of knowingly interfering with the relations between plaintiff and its employe Landis so as to make it legally liable for damages, and therefore it is entitled to a Scotch verdict of "not proved."

With respect to monetary damages suffered by plaintiff, we think that the total sales made by de-

fendant Landis during the period immediately following the termination of his employment by plaintiff, is a good starting point as it is reasonable to assume that he could have made many of the same sales in plaintiff's behalf. However, we cannot accept plaintiff's contention that it would have realized the same profit that its president calculated. We believe that his figure of $648.76 must be discounted for elements of sales that might not have been made for various reasons, reduction of profit on bulk sales, bad debts, and several items of overhead expense. We are, therefore, of the opinion that a fair and proper figure of loss suffered by plaintiff is $200.

With respect to plaintiff's claims for allowance of the costs incurred in providing an injunction bond and reimbursement of the value of lost services of its employes by reason of their being required to come to court, while we feel that plaintiff should be allowed such items if complete justice is to be done and it is to be fully compensated for its losses, we know of no authority in the law to that end. Such claims must be accordingly denied.

## CONCLUSIONS OF LAW

1. The several contracts of employment between plaintiff and the union representing its employes in the category of defendant Landis containing a restriction on competitive activity with plaintiff following the termination of employment, are valid and binding upon the defendant Landis.

2. Defendant Landis violated the contract in effect at the time of the termination of his employment with plaintiff in the period from March 25th, to May 11, 1965.

3. It is not proved as a matter of law that defendant Vallee Maid Provision Company had knowledge of such restrictive covenant and accordingly it cannot

be held responsible for aiding Landis in his breach of contract.

4. The granting of the preliminary injunction was proper.

5. Plaintiff suffered damages to its business from defendant Landis' breach of the employment contract in the sum of $200 for which defendant Landis is liable.

6. Plaintiff is not entitled to damages for the cost of the injunction bond and the value of lost services of its employes by reason of their being required to come to court.

7. Accordingly, in the claim of plaintiff against defendant Allen L. Landis, judgment is hereby entered in favor of plaintiff and against defendant Landis in the sum of $200 plus costs of this suit; and in the claim of plaintiff against defendant Vallee Maid Provision Company, judgment is entered in favor of the latter.

And now, September 19, 1968, the prothonotary is directed to enter a decree nisi in accordance with the foregoing adjudication and give notice thereof to the parties through their counsel of record.