BURROUGHS CORPORATION

v.

Richard CIMAKASKY et al.

Civ. A. No. 72–457.

United States District Court,
E. D. Pennsylvania.

May 23, 1972.

Edward J. David, Philadelphia, Pa., for plaintiff.

Lewis H. Markowitz, Wayde P. Seidensticker, York, Pa., Labron K. Shuman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, Burroughs Corporation (Burroughs), seeks to enforce a restrictive covenant against defendant, Richard Cimakasky, a former employee. The requested injunction would prohibit the defendant from engaging in a business competitive with Burroughs in selling, leasing, renting, servicing and programming and from selling business forms and supplies which he had sold while at Burroughs to persons who are now or were previously Burroughs customers within the last year. The injunction would cover three counties in Pennsylvania and one in New Jersey for a period of one year. A hearing was held on March 16, 1972.

Cimakasky went to work for Burroughs as a machine products specialist in February, 1967. At that time he signed a covenant which restricted competitive activities in which he could engage after leaving Burroughs. His duties while employed by Burroughs included selling and servicing check-writers and selling supplies for such machines. During the course of his employment Cimakasky received special training in the mechanical and sales aspects of his position, and received research information from Burroughs. On May 26, 1971, without any change in his employment situation, defendant signed another agreement restricting competitive activities.

On October 18, 1971, Cimakasky submitted a letter of resignation effective October 29, 1971. He claims that at that time he was extremely confused and was not fully aware of his actions and was soon admitted to the psychiatric ward of St. Luke's Hospital, Bethlehem, Pa., with what was described as a nervous breakdown. Immediately after his release from the hospital on November 24, 1971, he attempted to regain his job with Burroughs but was informed that it was no longer available. After futilely attempting to find work in other fields, he went into business for himself, servicing Burroughs checkwriters and selling supplies to customers he had previously serviced for Burroughs.

Plaintiff asks this Court to enforce the covenant of May 26, 1971 by enjoining Cimakasky from his competitive activities. Jurisdiction is founded on diversity of citizenship and Pennsylvania law applies. Under Pennsylvania law a restrictive employment covenant must be ancillary to the taking of employment to be valid. Beneficial Finance Co. of Lebanon v. Becker, 422 Pa. 531, 222 A.2d 873 (1966). Cimakasky took employment in February, 1967, and the present covenant was signed four years later without any change in his employment status. Burroughs gave nothing in return for this later agreement. This covenant must be considered independent of the taking of employment and not binding on Cimakasky. See Capital Bakers, Inc. v. Townsend, 426 Pa. 188, 231 A.2d 292 (1967).

The original covenant, signed in 1967, was ancillary to Cimakasky's taking of employment and remains in effect. The

very broad covenant prohibits Cimakasky for one year after leaving Burroughs from engaging in any capacity or relation in a business competitive with any products or services of Burroughs within any territory serviced by him during his last twelve months with the company. Cimakasky claims that the covenant is unenforceable because it is too restrictive.

■ ■ A covenant which restricts the right of an employee to compete must be reasonably necessary, without placing undue hardship on the employee, to prevent an employee from utilizing any specialized training, skills and information concerning business methods acquired from the employer against employer's interests. Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 136 A.2d 838 (1957). While Cimakasky is clearly using training and business information obtained from Burroughs to compete in servicing checkwriters and selling supplies, the restrictive covenant prohibits him from employment in any capacity, including those not related to his experience with Burroughs. It would appear that the covenant prohibits more than is necessary for the protection of the employer's interests and may place an undue hardship on the former employee. The provisions in question are not susceptible to any severance which would make the restriction any more acceptable. There are strong reasons to doubt the validity of the covenant and the Court does not believe that enforcement would be proper.

Burroughs contends that even without the restrictive covenant Cimakasky should be enjoined for one year from competing with Burroughs in the same four counties for its past or present customers. Cimakasky admitted that his present customers were ones he had serviced while at Burroughs. Plaintiff asserts that his activities constitute unfair competition since they involve the use of customer lists, written or memorized, obtained while employed by Burroughs.

Customer lists in Pennsylvania have been held in some circumstances to constitute trade secrets, the use of which may be enjoined as unfair competition. See Morgan's Home Equipment Corp. v. Martucci, supra. The rationale for this rule is that such lists may be confidential and highly valuable to the employer and represent a material investment of employer's time and money. The Court in Morgan's indicated that it did not matter whether this information was written or committed to memory.

■ A former employee will not, however, be prohibited from competing for his previous employer's customers in every case. Customer lists are not considered trade secrets when the names and addresses of customers are easily ascertainable by observation or reference to directories. Carl A. Colteryahn Dairy, Inc. v. Schneider Dairy, 415 Pa. 276, 203 A.2d 469 (1964); Denawetz v. Milch, 407 Pa. 115, 178 A.2d 701 (1962). The burden is on the plaintiff to show that the names of the Burroughs customers constituted a trade secret. Spring Steels, Inc. v. Molloy, 400 Pa. 354, 162 A.2d 370 (1960).

■ ■ The record that is before the Court does not support plaintiff's claim of unfair competition. In the cases in which a former employee has been enjoined from soliciting former customers the information retained has included specific information concerning the customers' needs which has been collected over the course of business by company agents solely for the use of the company. See Robinson Electronic Supervisory Co. v. Johnson, 397 Pa. 268, 154 A.2d 494 (1959); Morgan's Home Equipment Corp. v. Martucci, supra; United Ins. Co. of America v. Dienno, 248 F.Supp. 553 (E.D.Pa.1965.) Burroughs has made no showing that Cimakasky was using confidential information concerning customers, but only that he was using names and addresses of business firms. Such information would not appear to be the type of trade secret which is meant to be protected. In Carl A. Colteryahn

Dairy, Inc. v. Schneider Dairy, *supra*, the Court cited with approval and emphasis this portion of Restatement (Second) of Agency § 396 (1957):

" . . . The agent is entitled to use general information concerning the method of business of the principal and the names of the customers retained in his memory, if not acquired in violation of his duty as agent."

This rule covers the present case so far as any information on the record discloses. The evidence produced at the hearing on plaintiff's motion is not sufficient to support a claim of unfair competition and, therefore, the Court at this time will not enjoin Cimakasky on this ground.