## Hopenwasser v. Press-Lipkowitz Dental Associates

*Michael J. Weintraub,* for plaintiff.
*G. David Rosenblum,* for defendant.

BODLEY, *J.,* February 16, 1978 — Petitioner, a dentist, brings this action under the Uniform De-

claratory Judgments Act,[1] in an effort to have the court determine that a restrictive covenant contained in his employment contract with defendant corporation is unreasonable as to distance, and therefore invalid and unenforceable. We have previously determined that we have subject matter jurisdiction over the case under the language contained in section 2 of the act which provides: "Any person interested [in a] . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder."[2]

The employment contract between petitioner and defendant corporation, executed on December 31, 1975, provided in part thereunder, with carefully constructed language, for petitioner's employment as a dentist in defendant corporation's dental offices in Fairless Hills, Bucks County, Pa., for a period of two years subject to the right of either party to terminate the contract at any time upon two months prior written notice. Petitioner entered upon his employment on January 5, 1976, and voluntarily terminated his employment on September 18, 1976. During this interim period he treated an average of 15 to 20 patients per day accumulating a patient total of more than one thousand, which represented over 10 percent of defendant corporation's patient list.

At the time this action was instituted petitioner had entered into negotiations for the lease of office space within the restricted area and in April 1977,

---

1. Act of June 18, 1923, P.L. 840, sec. 2, 12 P.S. §832.

2. Hopenwasser v. Press-Lipkowitz Dental Associates, 30 Bucks 350 (1977).

during the pendency of the action, executed a lease for such space under the name of "Lavine-Hopenwasser Associates," Lavine being a dentist with whom petitioner is currently employed in Trenton, New Jersey.

The employment contract under attack provides:

"7. *RESTRICTIVE COVENANTS*. It is understood and agreed upon termination of the Employee's employment for any reason whatsoever, the Employee shall not for two (2) years thereafter, enter into the same or any other dental practice or speciality thereof as that carried on at any time by the corporation, either directly or indirectly, as owner, partner, employee, or as a stockholder, officer, or director of any corporation so engaged, within the boundaries of the following political subdivisions in Bucks County, Pennsylvania: Falls Township, Middletown Township, Bristol Township, Bristol Borough, Lower Makefield Township, Yardley Borough, Newtown Borough, Newtown Township, and Bensalem Township."

Petitioner's proposed dental office is within Yardley Borough which is 4.9 miles from defendants' office by aerial measurement and 6.5 miles by the best driving route. The driving time between the offices is 15.5 minutes.

The law has firmly established a three-pronged test to be applied to a noncompetition covenant. To be enforceable it must be found to be (1) reasonable as to time, (2) reasonable as to geographical extent, and (3) otherwise reasonably necessary to protect the employer without imposing an undue hardship on the employe: Jacobsen & Co. v. International Environment Corp., 427 Pa. 439, 235 A. 2d 612 (1967); Alexander and Alexander Inc. v. Drayton, 378 F. Supp. 824 (1974); Bettinger v. Carl Berke

Assoc., Inc. 455 Pa. 100, 314 A. 2d 296 (1974); Sidco Paper Co. v. Aaron, 465 Pa. 586, 351 A. 2d 250 (1976).

Most often questions over restrictive covenants arise in employment contracts relating to salesmen who accumulate expertise and knowledge of the employer's business, which can be quite damaging to the employer upon the employe's using his skills and knowledge for the benefit of a competitor. See for example, Jacobsen & Co. v. International Environment Corp., supra. Often they involve customer lists, as for example in Bettinger v. Carl Berke Assoc., Inc., supra. But such is not always the case. For example in Seligman & Latz of Pittsburgh, Inc. v. Vernillo, 382 Pa. 161, 114 A. 2d 672 (1955), defendants were enjoined from operating a beauty salon in competition with their former employer in violation of a restrictive covenant. In Hayes v. Altman, 424 Pa. 23, 225 A. 2d 670 (1967), an employe-optometrist left his employer and, in violation of a restrictive covenant not to compete within a radius of 6 air miles from the employer's office, or within the Borough of Monroeville, established an office approximately 6.3 miles from that of the employer but within the Borough of Monroeville. The Supreme Court held that it is not necessary that an employe receive specialized training and skills from his employer as a prerequisite to the enforcement of such a covenant. The fact that an employe has received this special training and skill is merely one consideration, but not necessarily controlling. The court there stated at p. 29:

"'Employment contracts containing general covenants by an employe not to compete after the termination of his employment are prima facie enforceable if they are reasonably limited as to dura-

tion of time and geographic extent . . . General covenants are reasonably limited if they are "within such territory and during such time as may be reasonably necessary for the protection of employer . . . without imposing undue hardship on the employe . . .".'" Citing Restatement, Contracts, §516(f) (1932).

In the case before us Dr. Press has practiced dentistry in approximately the same location for 25 years, 22 of which have been in association with Dr. Lipkowitz. Dr. Baram has been with the corporation for seven years. Both doctors Press and Lipkowitz are professors at the University of Pennsylvania School of Dentistry and through years of hard work in the application of special skills have built up a substantial business, as represented by the patient list in excess of ten thousand. The practice of dentistry, while being a profession demanding great skills of the dentists, is nonetheless a business, and the right to protect the goodwill attained over the years is no less real than that of the manufacturer or distributor of goods.

Here, petitioner was a stranger to this county when taken into the employ of defendants. He had no equipment, no patients, and vigorously sought after the employment which he chose to abandon after a little more than eight months. To the more than one thousand patients, or ten percent of defendants' patient list, petitioner *was* Press-Lipkowitz Dental Associates. He agrees with defendants that a dental practice is largely built upon referrals of satisfied persons, but protests that since his leaving his employment he has treated very few of defendants' patients. Be that as it may, he seeks to establish an office in Yardley Borough which is completely surrounded by Lower Makefield Town-

ship, another of the restricted areas. Press-Lipkowitz Dental Associates have patients within each of the municipalities listed in paragraph 7 above. It is unrealistic to assume that were petitioner to be permitted to practice in Yardley Borough within the time frame contained in the restrictive covenant—which is not challenged—he would not siphon off more of defendants' patients.

Petitioner knowingly and voluntarily undertook all of the obligations imposed upon him by the employment contract when he accepted the benefits thereof. And it was precisely for the purpose of avoiding petitioner's doing that which he intends to do that the restrictive covenant was written into the bargain. His argument that the covenant is not reasonably necessary for the protection of the employer is without merit. The fact that defendants enjoy a large and successful dental practice—perhaps more successful than most—cannot mitigate against their right to protect their legitimate interests. Nor does the enforcement of the covenant impose undue hardship upon the petitioner. Before leaving defendants' employment he had searched for some months for another place to practice. He found it in Trenton, New Jersey in the employment of two dentists, one of whom is Dr. Lavine with whom he seeks to establish the Yardley office. He is presently earning in the neighborhood of $35,000 per year.

We find the geographical extent of the restriction to be reasonable and warranted by the circumstances. We have previously noted that defendants' patients come from all nine municipalities, including Yardley Borough and the surrounding township of Lower Makefield. As in Hayes, supra, we find the restriction applied to these areas to be reasonable

both as to time and as to geographical extent under the circumstances. In our opinion the restriction is reasonably necessary and imposes no undue hardship upon the petitioner.

## ORDER

And now, February 16, 1978, for the foregoing reasons and having found the restrictive covenant to be valid and enforceable, the petition for declaratory judgment is dismissed.