## Fisher *v.* Hager, Appellant.

Argued January 16, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Dennis A. O'Neill,* with him *John L. Dubois,* for appellant.—The agreement is invalid for the reason that it

is supported by a past consideration: Cleaver v. Lenhart, 182 Pa. 285; Hall's App., 60 Pa. 458.

*Wm. F. Dannehower, Jr.,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 20, 1933:

This is an appeal from a decree of the Court of Common Pleas of Montgomery County awarding a final injunction to restrain defendant from conducting a furniture business in the Borough of Telford. The injunction issued upon the chancellor's findings of fact, of which the following is a résumé:

Plaintiff owns and operates a furniture business in the Borough of Souderton, advertising his goods and employing agents to sell them within a radius of twenty-five miles. Previous to November 15, 1928, defendant conducted a competing furniture business in the Borough of Telford, adjoining Souderton. On that date plaintiff and defendant entered into a written agreement, by the terms of which plaintiff agreed to buy and defendant agreed to sell the good will, stock and fixtures of the latter's furniture store in Telford, for the sum of $4,965.38, which sum was fully paid. Included in the agreement of sale was a restrictive trade agreement, reading in part, as follows: "Party of the first part [defendant] further agrees for a period of five years after the date of the transfer as aforesaid, he will not directly or indirectly engage in the furniture business at any place within a radius of twenty-five miles from any point or place where the said party of the second part [plaintiff] may be engaged in such business......"

The actual transfer of the business was made by formal bill of sale, which recited the restrictive trade agreement referred to above, and was signed by defendant under date of December 5, 1928. Thereafter defendant entered the employ of plaintiff at a salary of $50 per week and a bonus of $800 annually. With one interruption, de-

fendant continued in plaintiff's employ until March of 1931, when he returned to his old location in Telford and resumed the furniture business, in violation of the terms of his agreement and to the injury of plaintiff. The learned chancellor held the stipulation of defendant not to engage in the furniture business was not unreasonable as to time or area, and granted the injunction prayed for.

After careful examination of the record, including all the testimony taken at the hearing on the bill, we are of opinion the decree appealed from should be affirmed. Appellant argues that the testimony indicates the bill of sale was executed before the agreement of sale and that no consideration passed for the execution of the latter. Even if this were true,—which seems highly improbable because of the recitals in both documents and the dates stated therein,—it would not change the result, inasmuch as the restrictive trade agreement was incorporated in the bill of sale. The witnesses were obviously confused as to the precise meaning of the legal terminology used in reference to the two documents, as appears from plaintiff's designation (when cross-examined at one point concerning which paper was signed first) of the agreement of sale as "a copy of it or a bill of sale, whatever you call it."

Appellant also contends the trade agreement constitutes an unreasonable restriction in that defendant is prohibited from engaging "in the furniture business at any place within a radius of twenty-five miles from any point or place where the [plaintiff] may be engaged in such business." The court below very properly held this language must be read in the light of the circumstances existing at the time the parties formed their agreement (Bubb v. Parker & Edwards Oil Co., 252 Pa. 26, 29; White Heat Products v. Thomas, 266 Pa. 551, 555) and meant solely that defendant was prohibited from establishing a rival business within twenty-five miles of the places where plaintiff was already carrying on his business, i. e., in Souderton and Doylestown. A restriction

of this character is clearly reasonable and should be enforced. "A contract restraining one of the parties from the exercise of a trade within a limited locality, when there is a reasonable ground for the restriction, is valid:" Smith's App., 113 Pa. 579. See also, Richards v. Shipley, 257 Pa. 134. The injunction does not purport to give plaintiff the right to move his business from place to place and exclude defendant from competition in the areas surrounding each successive location. It applies exclusively to the vicinity in which plaintiff had established himself at the time of entering into the agreements.

The remaining arguments advanced by appellant were thoroughly answered in the opinion of the lower court and need not be discussed here.

All assignments of error are overruled and the decree of the lower court is affirmed at appellant's cost.