## National Industrial Laundries v. McGreevy

*Eugene Nogi* and *Russell O'Malley*, for complainant.
*James J. Powell*, for respondent.

EAGEN, J., June 23, 1948.—On February 18, 1944, defendant entered into a written contract of employment with Irving J. Kirshbaum and Nathaniel Cohen, individuals engaged in a laundry service business under the name "Atlantic States Service". The contract provided that during the course of the employment and for a period of one year thereafter defendant would not for himself or others solicit or attempt to solicit the business or patronage of any of the customers served by his employer.

Until February 1948 defendant worked continuously with this company except for a three-month period in which he served in the armed forces. During the period of employment he received promotions. Following the termination of his employment he immediately entered into a business of the same type and solicited and obtained many customers of plaintiff. The latter sought a preliminary restraining order which was granted upon the filing of the complaint and proper affidavits. A hearing was held and the question now before us is whether or not the injunction should continue until final hearing.

We so rule. As pointed out defendant's employment with plaintiff was interrupted for a period of three months while he was in the service of his country. Upon his return to civilian life, he immediately resumed his employment with plaintiff. It is argued that the contract was terminated when he left to enter the Army. We cannot agree and no authorities have been called to our attention which so held. It was in our opinion a continuing course of employment and the contract continued in being and was not finally terminated until February 1948. A promotion to a better job did not alter this particular provision in the contract.

It is argued that plaintiff is doing business in Pennsylvania illegally and cannot seek aid in the courts. It appears that present plaintiff is a national chain service laundry company incorporated under the laws of New Jersey, registered to do business in Pennsylvania. Plaintiff purchased the "Atlantic States Service" in 1944, and received an assignment among other things of defendant's contract. The business was carried on after the transfer and sale under the original name, the "Atlantic States Service". In other words, the last mentioned business has been carried on as a subsidiary of the parent company.

It has been held that a corporation may not lawfully transact business under an assumed or fictitious name in Pennsylvania: Great A. & P. Tea Co. v. A. & P. Radio Stores, Inc., 20 F. Supp. 703. It may well be that plaintiff corporation has no legal right to use another name in the conduct of its business in this State. We cannot see, however, how this is available to defendant in defense of this action. Plaintiff is duly incorporated in another State and duly registered to do business here. It is the owner of a contract which prevents defendant from engaging in a certain type of business for one year. Such a contract has been held to be enforcible and not against public policy if it is

reasonable and limited as to space and time: Fisher v. Hager, 310 Pa. 398.

Therefore, June 23, 1948, the preliminary injunction heretofore granted on April 3, 1948, is continued until final hearing or further order of the court.