Plunkett Chemical Company *v.* Reeve, Appellant.

Submitted February 9, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Horace M. Barba,* for appellant, submitted a brief.

*Robert G. Kelly* and *William R. Deasey,* for appellee, submitted a brief.

OPINION BY MR. JUSTICE ARNOLD, April 13, 1953:

This is an appeal by the defendant from the granting of a preliminary injunction.

The plaintiff was engaged in the business of dealing in insecticides, disinfectants, cleaners, polishers, and equipment used in connection therewith, sanitation services and matters incidental thereto. The defendant was employed under a written contract as salesman, maintenance technician and service supervisor, devoting his entire time to the business of the employer until June 30, 1952, when he gave 30 days' notice of his intention to terminate the agreement in accordance with paragraph (1) thereof. The contract had specified the area for his operations, which was extended to additional areas by riders.

Within a month thereafter the defendant set up a like business in the City of Philadelphia, which was the principal place where his services were to be performed, and admittedly began active competition with the plaintiff.

The agreement under which the defendant was employed contained as paragraph (8) the following: "Second party agrees that upon the termination of this agreement in accordance herewith . . . he will not di-

rectly or indirectly, within a period of one year thereafter, engage in the same or similar line of business as that now carried on by first party, or engage to work for any individual, firm or corporation engaged in such line or similar line of business."

On this appeal the defendant contends that since this stipulation contains no limitation on the area or space covered thereby, it is ipso facto void.

The court below determined that no illegal restraint of trade existed under the contract, and that the policy of the law of Pennsylvania is to uphold such contracts if they pass the test of reasonableness. In *Harris Calorific Company v. Marra,* 345 Pa. 464, 468, 469, 29 A. 2d 64, this Court stated: ". . . the burden is on him who sets up unreasonableness as the basis of illegality as a defense in a suit to enforce a contract 'to show how and why it is unlawful' "; and that "where a contract is limited as to time *or* space it is not ipso facto against public policy but it is necessary to make further inquiry and determine whether the restriction is reasonable." (Italics supplied).

The one year time limit in the contract is well within the rule on reasonableness: *Standard Dairies, Inc. v. McMonagle,* 139 Pa. Superior Ct. 267, 11 A. 2d 535. The contract is silent as to the area or space involved but is to be read as a whole: *Fisher v. Hager,* 310 Pa. 398, 165 A. 655. The original contract provided for a territory in the City of Philadelphia; and by riders was extended to Delaware County, parts of Chester County, three counties in New Jersey, the City of Camden, New Jersey, and Doylestown in Bucks County.

The leading authority is *Prame v. Ferrell,* 166 Fed. 702, in which the Supreme Court denied certiorari. The opinion was by the then Judge Knappen. At page 704 appears the following: "It is true that the covenant in question contains no specific limitation as to the

territory over which the restraint shall operate. It may be conceded, for the purposes of this opinion, that a covenant by appellant not to engage in business anywhere throughout the world would be unreasonable and unenforceable. . . The bill alleges that the business of the firm, at the time of the purchase of appellant's interest, extended throughout the United States; that the stipulation in question was intended to prevent competition throughout that territory; and the prayer is that the restraint extend throughout the United States. . . The covenant in question does not in express terms extend the restraint throughout the world. It is only by inference, drawn from the lack of specific definition, that a construction can be adopted that restraint throughout the entire world was intended and attempted. Taking into account the circumstances of the case, the nature and extent of the business, and the situation, objects, and interests of the parties, we are satisfied that the restraint was intended to apply to the entire United States, but not to other parts of the world. Being so satisfied, we have no difficulty in construing the covenant accordingly. Such construction is not only permitted by the general rules for the construction of contracts, but has been specifically applied under facts similar to those existing here." See Williston on Contracts, Revised Edition, §1639, which gives the rule that unlimited space does not necessarily involve the invalidity of a promise, and unless the restriction be greater than is needed for the protection of the promisee, the promise is valid. And "where there is no express limitation in space, the courts will endeavor to interpret the contract as providing for a reasonable limitation in view of the attendant circumstances." (Citing cases). The court below determined that the stipulation, even though unlimited in space, should receive a reasonable construction. The court

limited its preliminary injunction to the territory provided in the original contract and the riders thereto.

It is patent in this case that the defendant wilfully violated the stipulation in the written contract and inflicted considerable amount of harm on the plaintiff.

In this connection we quote from *Monongahela River Consolidated Coal & Coke Company v. Jutte*, 210 Pa. 288, 59 A. 1088, at page 302: "We are approaching nearer and nearer to the conclusion [in restraint of trade cases], although we have not yet reached it, that common honesty is the true public policy."

The order is affirmed at the cost of the appellant.