Seligman & Latz of Pittsburgh, Inc. *v.* Vernillo, Appellant.

Argued March 18, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*John A. Metz, Jr.,* with him *Henry Mustin* and *Metz, McClure, Hanna & MacAlister,* for appellants.

*Gilbert J. Helwig,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE BELL, May 24, 1955:

Defendants appeal from a preliminary injunction enjoining them from operating a beauty salon in competition with their former employer, and from soliciting the customers of their former employer in violation of the restrictive covenants of the employment contract they had (respectively) made with plaintiff.

These two appeals were heard and argued as one, since the facts in each case are substantially the same. Lenore Cesarone Lloyd was employed for many years by Seligman & Latz, which was originally a partnership but subsequently incorporated. On November 18, 1949 she signed a contract as employee, party of the third part, with Seligman & Latz, Incorporated, party of the first part, and the plaintiff, Seligman & Latz of Pittsburgh, Inc., their subsidiary, party of the second part. This contract signed in triplicate recited the highly distinctive Antoine methods, technique and styles which parties of the first and second part wished to be preserved for themselves; and in consideration of plaintiff training defendant without expense to her,

and giving her employment at a weekly salary plus the commission specifically set forth therein, defendant agreed to the following pertinent restrictions:

"Third. . . . (b) The third party [defendant] agrees that, upon the termination of his employment by the second party [the plaintiff] . . . the third party will not . . . (2) solicit for himself or for any new employer or new associate in any hairdressing business, any of the customers or patrons of the second party [plaintiff] whether or not the third party [defendant] rendered services to or for such customers or patrons; or (3) designate . . . himself . . . as an Antoine operator; or (4) refer to in any way that he was formerly employed by the second party for the purpose of enticing customers or patrons of the second party to patronize him or any beauty parlor with which he may then be associated; . . . or (7) that he . . . will not, for at least one (1) year after such termination, be employed in or be associated with in any way, any beauty or hairdressing establishment or salon, . . . which is or may be conducted . . . within a radius of one (1) mile from such Antoine salon in which he was employed at the time of such termination."

A substantially similar contract was signed by defendant Vernillo.

Defendants ten days after the termination of their employment by plaintiff began to operate a beauty salon virtually across the street from plaintiff's place of business, and immediately solicited all of plaintiff's customers whose names they could remember, and they admitted remembering most of them. They thereby secured 110 to 130 former customers from the Antoine Salon. These acts were in flagrant violation of the restrictive covenants in their aforesaid contract of employment.

A contract between an employer and an employe which contains restrictive covenants against competition by the employe, after the termination of his contract, is valid and will be sustained unless the employe proves that the contract constitutes an unreasonable or illegal restraint of trade: *Plunkett Chemical Co. v. Reeve*, 373 Pa. 513, 95 A. 2d 925; *Harris Calorific Co. v. Marra*, 345 Pa. 464, 29 A. 2d 64.

Defendants contend that the contract is not binding upon them because Seligman & Latz were originally a partnership and failed to aver and prove an assignment of this contract to the corporation after they incorporated. There is no merit in this contention. The law is accurately stated in 35 Am. Jur., Master and Servant, sec. 33: "The incorporation of the employer's business without other change does not abrogate the contract of employment, or alter the liability of the parties one to the other."

That brings us to the main question: Was the contract invalid because it constituted an unreasonable or illegal restraint of trade?

The scope of appellate review is thus stated in *Murray v. Hill*, 359 Pa. 540, 541, 59 A. 2d 877: " 'Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable (Paxson's App., 106 Pa. 429, 436-7; Sunbury Boro. v. Sunbury & Susquehanna Ry. Co., 241 Pa. 357; see also Holden v. Llewellyn, 262 Pa. 400) . . .'"

In *Monongahela River Consolidated Coal & Coke Co. v. Jutte*, 210 Pa. 288, 59 A. 1088, the Court sus-

tained an injunction enjoining defendant from engaging in the business of mining coal and marketing or shipping it on the Monongahela River within the State of Pennsylvania for the period of ten years and said (page 302) : ". . . When a contract is presented which in some degree restrains trade, we . . . inquire, is it limited as to space or time, and is it reasonable in its nature? . . . This contract is limited as to time, ten years; it is limited as to space, the immediate territory adjacent to three navigable rivers and their tributaries. . . . The time and space covered by the restriction were each, considering the character and extent of the business, reasonable. . . . we think the restraint reasonable and therefore the contract was not a violation of the public policy of this state . . ."

Where the agreement contains no limitation on the area or territory covered, or (alternatively) contains no time limitation the courts will sustain the contract if in view of attendant circumstances they can interpret it as providing for a reasonable limitation: *Plunkett Chemical Co. v. Reeve*, 373 Pa., supra.

In the *Plunkett* case there was *a one year time limit* which this Court declared was "well within the rule on reasonableness", but there was no express provision or limitation on the area or space. In that case, as in this case, defendants wilfully violated the written contract and inflicted considerable harm on the plaintiff. We sustained the contract, limiting it to the territory provided in the original contract.

In *Holland v. Brown*, 304 Pa. 545, 156 A. 168, defendants agreed "not to go into the dairy business or any business or employment of a competitive nature within a radius of ten miles of East Pittsburgh, Pennsylvania." The Court sustained an injunction and said (page 548) : ". . . an agreement of this character, 'being limited in space, though unlimited in time, is prima

facie good': Sklaroff v. Sklaroff, 263 Pa. 421, 424. Furthermore, 'the presumption is that [such] contracts are legal, not illegal, and the burden is on him who sets up illegality as a defense in a suit to enforce a contract, to show how and why it is unlawful': Harbison-Walker Ref. Co. v. Stanton, 227 Pa. 55, 63."

In *Harris Calorific Co. v. Marra*, 345 Pa., supra, this Court reversed the lower Court and issued an injunction sustaining a restrictive covenant covering a radius of 200 miles.

These cases in principle rule the instant cases. Enjoining defendants from serving professionally as a hair stylist or beauty operator for a period of one year any former customer of Seligman & Latz of Pittsburgh, Inc., whose patronage was solicited by defendants or in their behalf, was not an illegal restraint of trade. The number of customers of plaintiff was extremely small and the limitation to or prohibition against soliciting such customers was the equivalent of a limitation of a reasonable area or space or territory and did not create a monopoly, or raise prices, or be against public policy.

The evidence to show flagrant violations of the clear and reasonable provisions of this contract with resultant substantial harm to the plaintiff furnished adequate grounds for a preliminary injunction. However, the injunction-decree is too broad and must be modified as follows:

With respect to Vernillo, Paragraph (a) of the injunction-decree should be modified so as to read as follows: (a) Serving professionally as a hair stylist or beauty operator before October 9, 1955 and within the radius of one (1) mile from the Antoine Salon, any person, etc.

We have considered all of the other contentions of defendants and find no merit in them.

The decree as modified is affirmed; appellants to pay the cost.