**Losman v. Obritz**

*Rosenberg & Rosenberg,* for plaintiff.

*J. I. Simon,* for defendants.

BROSKY, J., October 11, 1961.—This is an action in equity brought by defendant's former employers seeking, inter alia, a preliminary injunction against the alleged violations by defendant of certain restrictive covenants in his employment contract.

Defendant began employment with plaintiffs as a beautician in January 1960. Plaintiffs testified that, after a probationary period of several days, defendant signed a written contract of employment which provided in paragraph 5 thereof:

"Employee agrees he shall not engage on the termination of his employment for any cause whatsoever in the same or similar line of business as that carried on by Employer or work for any individual, firm or corporation engaged in such line or similar line of business within a radius of 10 miles of the City of Pittsburgh, for a period of 6 months from said termination."

This employment contract is dated January 25, 1960. Defendant admitted that he had signed this contract but alleged that it was signed by him sometime in July 1960 and predated to January 25, 1960. Defendant voluntarily left the employment of plaintiffs on July 17, 1961, and made arrangements to open his own beauty salon within three blocks of plaintiffs' establishment. Upon learning that defendant had taken steps to open his own beauty salon, plaintiffs instituted the present proceedings and a hearing was held before this court on September 14, 1961, to consider plaintiffs' request for a preliminary injunction.

It is well settled that a contract between an employer and an employe which contains restrictive covenants against competition by the employe after the termination of his contract is valid and will be sustained unless the employe proves that the contract constitutes an unreasonable or illegal restraint on trade: Plunkett Chemical Co. v. Reeve, 373 Pa. 513; Harris Calorific Co. v. Marra, 345 Pa. 464, and Seligman & Latz of Pittsburgh v. Vernillo, 382 Pa. 161.

In Seligman & Latz of Pittsburgh v. Vernillo, 382 Pa. 161, the Supreme Court sustained a preliminary injunction against defendant, who had signed a contract agreeing not to compete with her employer for at least one year after the termination of the employment within a radius of one mile of plaintiffs' beauty salon. In that case, defendant began to operate a beauty salon virtually across the street from plaintiffs' place

of business. The court states, at page 165, quoting from the case of Monongahela River Consolidated Coal & Coke Co. v. Jutte, 210 Pa. 288:

" '. . . When a contract is presented which in some degree restrains trade, we . . . inquire, is it limited as to space or time, and is it reasonable in its nature?' "

In the case at bar, as in the Seligman & Latz case, supra, the contract is limited as to time, six months, and is limited as to space, within a radius of 10 miles of the City of Pittsburgh. The court is of the opinion that the time and space covered by the restriction, considering the character and extent of the business, is reasonable and valid.

At the time of the hearing, defendant alleged that there was a lack of consideration for his agreement not to compete. Defendant alleged that he did not sign the agreement which is dated January 25, 1960, until sometime in July 1960, which was subsequent to a verbal contract of employment entered into between the parties hereto. Defendant, therefore, contends that when the restrictive covenant contained in the written contract was later signed, no change was made in the terms of his verbal employment contract and, therefore, there was no consideration for the restrictive covenant.

A careful examination will show, however, that the written contract does contain features which amount to added consideration. Since there was no mention by defendant of an oral agreement as to the duration of his employment, plaintiffs could have discharged him immediately, without notice. However, after the execution of the agreement, defendant's employment was stabilized with the requirement that plaintiffs had to give defendant one week's notice before he could be discharged. Also plaintiffs testified that defendant's refusal to sign the employment contract would have resulted in his immediate dismissal.

Plaintiffs allege that the contract was signed on the date indicated and from testimony taken at the hearing, this appears to be logical under the circumstances. In addition, the contract contains a provision in accordance with the Uniform Written Obligations Act of May 13, 1927, P. L. 985, 33 PS §6, to the effect that the parties "intend to be legally bound." An instrument containing such a statement is enforceable even though no consideration passes: Rose v. Rose, 385 Pa. 427.

Defendant also contended that enforcement of the restrictive covenant would work a great hardship upon him. The covenant will expire by its terms on January 17, 1962. While it is true that defendant may suffer financial hardship, it must be observed that this is a situation created by his own acts.

For the reasons stated herein, the preliminary injunction will be granted.