## Anstey v. Wilson

*Alan E. Boroff*, for plaintiff.
*C. Edmund Wells*, for defendant.

HONEYMAN, J., June 26, 1962.—. . . The restrictive covenant herein involved has a time period of 20 years and covers an area of the entire United States, except Florida. The covenant was made by defendant, vendor of a small retail glass and glazing business doing business wholly within a 15 mile radius of the Borough of Pottstown. Since the basic purpose of a restrictive covenant not to compete is to protect the sale of the business, the extent and duration of the covenant must

be reasonably related to the need for this protection. Plaintiff recognizes that both the time and the area in this covenant, as written, is too long and too broad, and, as such, is unenforceable. However, plaintiff contends that the chancellor can and should cut down the time and area and enforce the covenant to a reasonable extent and duration. The chancellor is of the opinion that he is without the power so to enforce this covenant.

The applicable law is clearly set forth in Restatement, Contracts, §518, as follows:

"Where a promise in reasonable restraint of trade in a bargain has added to it a promise in unreasonble restraint, the former promise is enforceable unless the entire agreement is part of a plan to obtain a monopoly; but if full performance of a promise indivisible in terms, would involve unreasonable restraint, the promise is illegal and is not enforceable even for so much of the performance as would be a reasonable restraint."

The promise here at suit is indivisible in its terms. In that respect, this case is distinguishable from all the Pennsylvania cases cited by plaintiff or found by the chancellor's search of the law. While the law is clear that the doctrine of severance is applicable in Pennsylvania (Monongahela River Consolidated Coal & Coke Company v. Jutte, 210 Pa. 288 (1904) ; Smith's Appeal, 113 Pa. 579, (1886); Jacobson & Co. v. Strauss, 77 Montg. 246 (1961) ), that doctrine "has not gone further than to make it permissible in a case where the covenant is not really a single covenant, but is in effect a combination of several distinct covenants. In that case and where the severance can be carried out without the addition or alteration of a word, it is permissible" (Attwood v. Lamont, 3 K.B. 571, 593 (1920) ). The only exception to the above rule is that the contract is to be read as a whole (Fisher v. Hager, 310 Pa. 398 (1933) ), and that is what was done by this

chancellor in Jacobson & Co. v. Strauss, supra. Reading this contract as a whole, we are satisfied that the restraint is intended to apply to the entire United States, except Florida, and as such is unreasonable, illegal and not capable of enforcement even to such extent as may be reasonable.

Counsel for plaintiff relies heavily upon the following language of this chancellor in Jacobson & Co. v. Strauss, supra, at page 256:

". . . if a restrictive covenant such as the one before us is more extended than the law allows, the court may still enforce it to a reasonable, but more limited, extent . . ."

That language does not control this case. In Jacobson, supra, the covenant was divisible in its terms, while in the case at bar, the covenant is indivisible in terms and thus not capable of enforcement.

Counsel for plaintiff also relies on the following language from page 257 of the Jacobson case:

". . . Thus it would seem that the area to which the decree is limited need not appear on the face of the covenant but need only be a logical and reasonable breakdown of the area encompassed in the covenant . . ."

Our language there is perhaps misleading (also, perhaps, it goes too far in enforcing doubtful covenants) but it is distinguishable. In Jacobson, although the area to which the decree was limited did not appear in the clause of the agreement containing the covenant, it did appear elsewhere in the same instrument. In the case at bar, the agreement nowhere delimits an area which would be reasonable. Limiting a decree in this case to a 15 mile radius of the Borough of Pottstown, as plaintiff urges us to do, would not be reading the agreement as a whole, but rather, it would be going outside of the agreement and rewriting it for the parties. This we

may not do, since the terms of a possible amendment must clearly appear in the agreement itself.

Furthermore, the covenant at suit is too broad in time as well as area limitations. No Pennsylvania cases have been found in which a decree was held proper where *neither* the area nor time limitation was reasonable as written. Only in cases where at least one or the other of these factors was valid has the court seen fit to limit the extent of the other to make the covenant in restraint of trade enforceable. In the case at bar there is no possibility of division of the terms of the bargain by striking out the offending portions of the agreement. The relief sought by plaintiff would require a complete rewriting of the geographical extent of the covenant: there is likewise no basis in the agreement for setting a reasonable time limit for the covenant. The court cannot rewrite the agreement of the parties, and, therefore, the relief prayed for must be denied . . .

### Decree Nisi

And now, June 26, 1962, it is hereby ordered, adjudged and decreed that the prayer of plaintiff's complaint is refused and same is dismissed.