**Protect Alarms, Inc. v. Ernst**

*Howard Miller,* for plaintiff.

*Malcolm Gross,* for defendant.

KOCH, P. J., September 9, 1969.—Plaintiff, Protect Alarms, Inc., is engaged in the business of selling and installing fire and burglar alarm systems in commercial establishments and residences. On October 30, 1967, Frank Ernst, defendant, was engaged as a sales representative and independent contractor to sell plaintiff's systems. The relationship between the parties was evidenced by a written agreement which contained provisions (paragraphs 16 and 19) that during its term and for a period of three years following termination defendant was prohibited from engaging in any line of business, the same or similar to that engaged in by plaintiff, within a radius of 30 miles from any of the company's offices.

This action in equity was instituted to restrain defendant from continuing his employment with Telemetric Systems, Inc., which is alleged to be in violation of the agreement.

After a hearing, the chancellor entered an order preliminarily finding that defendant's employment constituted a breach of the agreement, and he was restrained from carrying on, or being concerned in, various named capacities "in the general business of security, fire and burglar alarm systems . . . within a radius of thirty miles of the plaintiff's principal place of business at 1932 South Fourth Street, Allentown, Pennsylvania." The order also restrained defendant from contacting persons in the 12-county area described by plaintiff where Protect Alarms Systems are presently in use or under contract.

The parties have filed briefs and requests for findings of fact and conclusions of law which bring into focus the propriety of the chancellor's preliminary order.

Based upon the admissions in the pleadings and the testimony, the court makes the following

## FINDINGS OF FACT

1. Plaintiff, Protect Alarms, Inc., is a Pennsylvania corporation with its principal place of business located at 1932 South Fourth Street, Allentown, Lehigh County, Pa.

2. Defendant, Frank Ernst, is an adult individual who resides at 1520 West Fairmount Street, Allentown, Lehigh County, Pa.

3. On October 30, 1967, plaintiff and defendant entered into an agreement whereby defendant was engaged as a sales representative and independent contractor on a commission basis to sell fire and burglar alarm systems for plaintiff.

4. On February 28, 1968, plaintiff terminated its agreement with defendant for lack of production and inability to meet the standards established by plaintiff's sales manager.

5. On October 31, 1968, defendant began employment with Telemetrics, Inc., and sold an automatic telephoning device which calls for assistance by telephone when certain emergencies occur.

6. The systems sold by defendant in behalf of plaintiff consisted of a six-volt battery set connected to a bell which would be activated upon intrusion of a protected area by a person or the occurrence of fire and are not the same or similar to Telemetrics' product.

7. The training of defendant by plaintiff's agents consisted of two days' office training and one week's field training.

8. Plaintiff delivered to defendant a list of customers *presently* using its system and instructed him to display this list to prospects.

9. The agreement in issue, prepared by plaintiff, contains the following provisions:

"16. You agree that during the term of this agreement and for a period of three (3) years following the termination of this agreement, you will not engage in any line of business, the same or similar to that engaged in by the company, within a radius of thirty miles from any of the company's offices or in the alternative within such areas in which this company is franchised to sell and distribute fire alarm and burglar alarm systems, either as an individual or as a member of any partnership, firm or association or as an officer, director or stockholder of a corporation or as an employee, agent or any other form or associate of any of the foregoing. You further agree that at no time will you divulge, disclose, furnish to or use for your own benefit or the benefit of any person, firm,

partnership or corporation other than this company, the names, addresses or requirements of the company's customers, or the company's sales techniques, business methods, forms, manuals or literature or any other material or information, confidential or otherwise, concerning the company's business.

"19. You recognize and agree that any violation of the restrictive or negative covenants made herein would result in irreparable injury to the company for which money damages could not adequately compensate the company. You agree that in the event of any such violation by you, the company shall be entitled to have an injunction issued by a court of competent jurisdiction enjoining and restraining you from continuing such violation.

"Plaintiff has an exclusive agency for its product in Lehigh, Northampton, Carbon, Monroe, Luzerne, Schuylkill, Lebanon, Lancaster, Chester, Montgomery, Berks and Bucks Counties."

## DISCUSSION

The agreement entered into between the parties is, admittedly, one which is in restraint of trade. As a general rule, a contract which in its terms is an *unreasonable* restraint of trade is invalid as against public policy: Monongahela River Consolidated Coal & Coke Co. v. Jutte, 210 Pa. 288; Jacobson & Company, Inc. v. International Environment Corporation, 427 Pa. 439.

Restatement, Law of Contracts §513, characterizes a bargain as being in restraint of trade "when its performance would limit competition in any business or restrict a promisor in the exercise of a gainful occupation." Such a bargain is illegal if the restraint is unreasonable: Restatement, Law of Contracts §514.

"The restraint is unreasonable if it is greater than is required for the protection of the person for whose

benefit the restraint is imposed, imposes undue hardship upon the person restricted, tends to create, or has for its purpose to create, a monopoly, or to control prices or to limit production artificially, unreasonably restricts the alienation or use of anything that is a subject of property, or is based on a promise to refrain from competition and is not ancillary either to a contract for the transfer of good will or other subject of property or to an existing employment or contract of employment": 8 P.L. Encyc. §98.

In analyzing the agreement before us, we are also mindful that general covenants not to compete which are ancillary to employment will be subjected to a more stringent test of reasonableness than that which is applied to such restrictive covenants ancillary to the sale of a business. This conclusion is dictated by Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, regarded as the leading authority in this area of Pennsylvania jurisprudence. Cf. Albee Homes, Inc. v. Caddie Homes, Inc., 417 Pa. 177; Alabama Binder & Chemical Corporation v. Pennsylvania Industrial Chemical Corporation, 410 Pa. 214. We are also mindful of the rule that the burden is on him who sets up unreasonableness as the basis of illegality as a defense in a suit to enforce a contract of this type to show how and why it is unlawful: Harris Calorific Company v. Marra, 345 Pa. 464.

Plaintiff pleads that defendant acquired lists of plaintiff's customers and information concerning customers such as their addresses and locations, their needs and past purchases. The testimony indicates that defendant was instructed to display these lists to potential customers, and it is quite clear that no "trade secrets" were involved as was true in Morgan's Home Equipment Corp. v. Martucci, supra. Unless trade secrecy is involved, use of customer lists is permissible: Edwin L. Wiegand Co. v. Harold E.

Trent Co., 122 F. 2d 920, cert. denied, 316 U.S. 667. We observe also that plaintiff did not produce evidence tending to show defendant's use of the customer list.

Where an employe receives specialized training and skills and learns the carefully guarded methods of doing business which are the trade secrets of a particular enterprise, equitable relief will be granted: Morgan's Home Equipment Corp. v. Martucci, supra. The record before us, however, does not show *special* training or insight and, consequently, to restrain defendant from carrying on his work as a salesman of protective devices quite different from those sold by defendant would impose undue hardship. See Restatement, Law of Contracts §515(b).

The strict construction required of the type of agreement with which we are concerned also necessitates a determination whether defendant is, in the full sense of the word, in competition with plaintiff. We have found that he is not and, in our view, an interpretation of the agreement that *all types* of warning systems were competitive would be unreasonable.

We have examined Monongahela River Consolidated Coal & Coke Company v. Jutte, 210 Pa. 288, and Harris Calorific Company v. Marra, supra, cited by plaintiff, and regard them as inapplicable. Each of those cases involved the sale of a business and, as we have pointed out, the test of reasonableness is of a quite different quality than in the case of an employe who was discharged by his employer. Plaintiff has also called to our attention Plunkett Chemical Company v. Reeve, 373 Pa. 513. There, defendant was an *employe* who voluntarily terminated his employment and apparently utilized his *special training* to enter into competition in a like business. It is obvious that the factual aspects are dissimilar.

A careful study of the record requires us to conclude that the agreement as applied to the activities of this defendant must be characterized as unreasonable.

## CONCLUSIONS OF LAW

1. General covenants not to compete which are ancillary to employment will be subjected to a more stringent test of reasonableness than that which is applied to such restrictive covenants ancillary to the sale of a business.

2. The burden is on defendant to show unreasonableness.

3. Where an employe receives no specialized training and skills and carefully guarded methods of doing business, no trade secrecy is involved and in such case the use of customer lists is permissible.

4. The protective device sold by defendant is not the same or similar to plaintiff's product.

5. Paragraph 16 of the agreement between plaintiff and defendant is void as unreasonable and will not be specifically enforced.

6. Plaintiff is not entitled to equitable relief as to defendant, Frank Ernst.

## DECREE NISI

Now, September 9, 1969, it is ordered, adjudged and decreed that the preliminary injunction heretofore entered be dissolved and plaintiff's complaint dismissed, each party to pay his own costs.

Now, September 9, 1969, the foregoing adjudication and decree nisi are ordered filed and if no exceptions are taken thereto within 20 days after notice of the filing to counsel for the parties, the decree nisi shall be entered as the final decree in the case.