333 A.2d 732
**FOX–MORRIS ASSOCIATES, INC., Appellant,**

v.

**Robert CONROY et al.**

Supreme Court of Pennsylvania.

Argued Nov. 26, 1974.

Decided March 18, 1975.

Seymour Kurland, Ian A. L. Strogatz, Philadelphia, for appellant.

Edward Gerard Conroy, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, William H. Lamb, Lamb, Windle & McErlane, West Chester, for appellees.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from the denial of a preliminary injunction which was sought to enforce a restrictive covenant in certain employee contracts.

The facts surrounding this appeal are as follows. In 1969 appellees Joseph H. Mulqueen, Jr. and Robert Conroy became employed by appellant, Fox-Morris Associates, Inc., which was in the business of executive placement. Pursuant to their employment, Conroy and Mulqueen signed employment contracts which contained the following restrictive covenant:

". . . The parties agree that the services of the Employee are unique and extraordinary and that the Company has given Employee access to confidential and valuable information as a result of which the use by Employee of trade secrets and/or customer lists,

applications and correspondence, would cause irreparable damage to the Company. Employee does agree that during the term of his employment and for a period of eighteen (18) months thereafter he will not disclose, use or furnish to anyone other than Company any trade secrets or other confidential information concerning the Company nor during such period will he, directly or indirectly, as principal, agent, stockholder, manager, representative, employee, counselor, or in any other capacity whatever, engage in the same or any similar business to that of Company within a one hundred mile radius of any city in which Company has established an office.

"Employee acknowledges that the above restrictions placed upon him are necessary for the reasonable and proper protection of Company's business and that in the event such restrictions become operative, he will be able to engage in other businesses for the purposes of earning a livelihood."

From 1970 to 1973, Conroy and Mulqueen renewed their employment contracts and each contract contained the identical restrictive covenant as previously quoted. In June of 1974, Conroy and Mulqueen, while still covered by the 1973 employment contract, gave notice of their intention to resign their positions. Thereafter, Conroy and Mulqueen entered the employment of K. Robert Brian, Inc., a corporation formed by another former employee of appellant, and engaged in the same executive placement field. On July 23, 1974, appellant filed a complaint in equity seeking to enforce the restrictive employment covenants against appellees Conroy and Mulqueen and against K. Robert Brian, Inc. The chancellor took testimony and denied the preliminary injunction on the grounds that the covenant was too broad for enforcement, making it subject to modification, and thus appellant's right to the preliminary injunction was not clear. This appeal followed.

■ Initially, we must point out that since this case arises from the denial of a preliminary injunction, our scope of review is limited to whether there were reasonable grounds for the action of the court below, and we will not consider the merits of the case or pass upon reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable. See *Albee Homes, Inc. v. Caddie Homes, Inc.,* 417 Pa. 177, 207 A.2d 768 (1965).

Examining the record and the chancellor's decision in light of the above, we are convinced that the chancellor reached the correct result.

■ The covenant in the instant case restricted appellees from engaging in a competitive business within a one-hundred-mile radius not only of their places of employment in Philadelphia, but also within a one-hundred-mile radius of any place where appellant had offices. Under these circumstances, the enforcement of the restrictive covenant and its implications are not susceptible to the drastic action of a preliminary injunction.

Decree affirmed. Appellant to bear costs.

EAGEN, J., took no part in the consideration or decision of this case.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice (concurring).

The chancellor based his denial of the preliminary injunction on two alternate grounds. He concluded that the covenant, as written, was too broad, so that it could not be enforced without severance. From this he reasoned that appellant's right to relief was not clear, as is required for issuance of a preliminary injunction. See *Alabama Binder & Chemical Corp. v. Pennsylvania In-*

*dustrial Chemical Corp.*, 410 Pa. 214, 189 A.2d 180 (1963). He also concluded that appellant had failed to show that irreparable harm would result from the denial of the injunction. Solely because I believe that there were "apparently reasonable grounds," see *Credit Alliance Corp. v. Philadelphia Minit-Man Car Wash Corp.*, 450 Pa. 367, 370–71, 301 A.2d 816, 818 (1973), for the latter conclusion, I concur in the result.

## I

There was evidence from which the chancellor could have concluded that appellees were conducting their business in a manner which did not exploit any customer relationships developed while in appellant's employ or any trade secrets belonging to appellant which might have been known to them. If their business was so operated, appellant would apparently not suffer any legally cognizable harm (much less irreparable harm). Consequently, the chancellor could properly conclude that a preliminary injunction would be unjustified.

Appellant contends that the present mode of operation of appellees' business is designed solely to avoid issuance of an injunction and will not be continued after the termination of this litigation. Appellant confuses the preliminary injunction with a permanent injunction. A preliminary injunction operates only during the pendency of the litigation over issuance of a final injunction, precisely the period in which appellant concedes that appellees will probably maintain their present practices. Thus, a preliminary injunction may be denied even though a permanent injunction may later be found proper if the chancellor finds that appellant's fears are sufficiently justified.

## II

I cannot agree, however, with the majority's approval of the conclusion that the mere necessity for severance of

the covenant in order to limit its enforcement to a reasonable area rendered appellant's right to relief unclear.

Our law permits equitable enforcement of employee covenants not to compete only so far as reasonably necessary for the protection of the employer. *Bettinger v. Carl Berke Associates, Inc.*, 455 Pa. 100, 314 A.2d 296 (1974); *Reading Aviation Service Co. v. Berolet*, 454 Pa. 488, 311 A.2d 628 (1973). However, where the covenant imposes restrictions broader than necessary to protect the employer, we have repeatedly held that a court of equity may grant enforcement limited to those portions of the restrictions which are reasonably necessary for the protection of the employer. *Jacobson & Co. v. International Environment Corp.*, 427 Pa. 439, 235 A.2d 612 (1967) (unanimous); Barb-Lee Mobile Frame Co. v. Hoot, 416 Pa. 222, 206 A.2d 59 (1965) (unanimous); *Morgan's Home Equipment Corp. v. Martucci*, 390 Pa. 618, 136 A.2d 838 (1957) (unanimous); *Seligman & Latz of Pittsburgh, Inc. v. Vernillo*, 382 Pa. 161, 114 A. 2d 672 (1955) (unanimous); see *Bettinger v. Carl Berke Associates, Inc.*, 455 Pa. 100, 314 A.2d 296 (1974) (by implication); *Plunkett Chemical Co. v. Reeve*, 373 Pa. 513, 95 A.2d 925 (1953) (unanimously reaching same result by strained construction of contract); *Harris Calorific Co. v. Marra*, 345 Pa. 464, 29 A.2d 64 (1942) (same); *Fisher v. Hager*, 310 Pa. 398, 165 A. 655 (1933) (same); *Monongahela River Consolidated Coal & Coke Co. v. Jutte*, 210 Pa. 288, 59 A. 1088 (1904) (unanimous) (covenant incident to sale of business); *Smith's Appeal*, 113 Pa. 579, 6 A. 251 (1886) (unanimous) (same). The commentators also endorse this rule. 6A A. Corbin, Contracts §§ 1394 at 104, 1390 (1962); 14 S. Williston, Law of Contracts §§ 1647B, 1647C (3d ed. Jaeger 1972); Blake, Employee Agreements Not to Compete, 73 Harv. L.Rev. 625, 683 (1960).

Because it is clear that a restrictive covenant may be enforced partially when it imposes restraints broader

than necessary for the protection of the employer, it was error to conclude that the mere need for severance, standing alone, rendered appellant's right to relief unclear. Where the precise scope of proper enforcement remains uncertain after the hearing on a request for a preliminary injunction, the trial court may properly limit the scope of its decree to those areas where enforcement would be clearly proper, but it may not deny relief entirely if the covenant is otherwise clearly enforceable.