Madany v. Lee

*Denis W. Lanctot,* for petitioner.
*William L. Goldman,* for respondent.

WALSH, *J.,* February 14, 1978 — Petitioner, a urologist, seeks a preliminary injunction to enjoin respondent urologist from practicing within a fifteen-mile radius of Lower Bucks Hospital and St. Mary's Hospital, Lower Bucks division.

On June 11, 1976, the parties entered into an employment agreement whereby petitioner, practicing as a professional corporation, agreed to employ respondent as an employe-physician for a period of five years on a progressive scale of remuneration. The agreement was contingent on respondent being admitted to the staffs of the two stated hospitals, and he was duly admitted on the recommendations of petitioner and others. On August 14, 1977, respondent resigned his employment and opened his own office in Middletown Township, Bucks County.

The controversy centers on a provision of the employment agreement whereby respondent covenanted that in the event of termination of his employment he would not practice urology within a fifteen-mile radius of either of the two hospitals for a period of five years. It is undisputed that he is practicing his profession within the proscribed area.

Employment contracts containing general covenants by an employe not to compete after the termination of his employment are prima facie enforceable if they are reasonably limited as to dura-

tion of time and geographical extent. The test is whether the limitations are reasonably necessary for the protection of the employer without imposing undue hardship on the employe: Jacobson & Co. v. International Environment Corp., 427 Pa. 439, 235 A. 2d 612 (1967). The burden of proving unreasonableness rests on respondent: Plunkett Chemical Co. v. Reeve, 373 Pa. 513, 515, 95 A. 2d 925 (1953).

On the evidence adduced at the preliminary hearing the chancellor concludes that the geographical limitations do not meet the foregoing standard. Unlike most, if not all, of the employment covenants which have come under appellate court scrutiny, the covenant before us does not base the geographical radius on the location of the employer's place of business or profession. Here the radius is based on the location of the only hospitals in the most populous segment (lower end) of a county having a population of more than 400,000 persons. Counsel have informed the court that under the by-laws of both institutions all physician staff members must maintain an office within the service area of the hospitals, that is to say, within fifteen miles. Enforcement of the present covenant could result in loss of respondent's staff privileges at both hospitals. Such a loss would bear no reasonable relation to the employer's need for protection. Secondly, on petitioner's own testimony all his patients are in the "lower Bucks" area. The chancellor takes judicial notice that this area does not extend as far as fifteen miles in all directions from St. Mary's Hospital. Furthermore the fifteen-mile provision as related to Lower Bucks Hospital would prevent respondent from practicing in portions of the City of Philadelphia.

A preliminary injunction should in no event ever be issued unless greater injury will be done by re-

fusing it than in granting it: Herman v. Dixon, 393 Pa. 33, 141 A. 2d 576 (1958). In the instant case petitioner acknowledged at the hearing that defendant's conduct has had a negligible effect to date. We are not unmindful, however, that in evaluating the prospect of irreparable harm, the court must look beyond the immediate effect of the breach: Bryant Co. v. Sling Testing & Repair, Inc., 471 Pa. 1, 369 A. 2d 1164, 1167 (1977).

Denial of a preliminary injunction does not foreclose an order for a permanent injunction if, upon final hearing, the evidence warrants it: Fox-Morris Associates v. Conroy, 460 Pa. 290, 333 A. 2d 732 (1975). In the case at hand a modification of the geographical limitation appears just, but the present record is inadequate to determine a proper modification.

### ORDER

And now, February 14, 1978, after hearing, it is ordered that the petition for a temporary injunction is denied. A final hearing on the merits will be listed upon application by either party.