IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | |
| | : | |
| William Zaccone, | : | No. 535 C.D. 2020 |
| Appellant | : | Submitted: June 10, 2021 |


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: July 14, 2021


William Zaccone (Zaccone) appeals from the Philadelphia County Common Pleas Court's (trial court) March 12, 2020 order (Order) granting injunctive relief and imposing a fine arising from Zaccone's violations of The Philadelphia (City) Code of General Ordinances (City Code). Essentially, there are three issues before this Court: (1) whether Zaccone abandoned any challenge to the trial court's grant of injunctive relief because he failed to properly develop that issue in his brief, and whether this Court has jurisdiction to consider whether the trial court erred when it imposed the fine; (2) whether the fine imposed and the injunctive relief granted were unconstitutionally excessive, overly punitive and confiscatory; and (3) whether the fine imposed violates the City Home Rule Charter and state law. After review, this Court dismisses Zaccone's appeal.

Zaccone is the record owner of properties located at 1143 and 1145 Tasker Street, Philadelphia, Pennsylvania (Properties). *See* Reproduced Record (R.R.) at 295a. On January 29, 2018, the City's Department of Licenses and

Inspections (L&I) sent Notices of Violation #620045 and #620039 (Violation Notices) to Zaccone informing him that the construction work occurring at the Properties violated Title 4 of the City Code. *See id.* Zaccone did not appeal from the Violation Notices. *See id.* On September 20, 2018, the City filed a complaint in the trial court seeking injunctive relief and an order imposing fines and reinspection fees as authorized by the City Code. *See* R.R. at 1a.

On March 12, 2020, the trial court issued its Order, therein holding that, during the course of the litigation, Zaccone sought to evade service of process, but alternative service was accomplished on February 22, 2019, by posting at the Properties.[1] *See* R.R. at 295a. The trial court also found that Zaccone continued work at the Properties in violation of the City Code, and the City's numerous stop work orders. *See* R.R. at 296a. In addition, the trial court determined that Zaccone failed to obtain any necessary permits to cure the violations. *See id.* Accordingly, the trial court granted the City's request for injunctive relief and imposed a $100,000.00 fine upon Zaccone in accordance with Sections 1-109(1), 1-109(2), 1-109(3) and A-601.1 of the City Code.[2] Phila., Pa. City Code §§ 1-109(1), 1-109(2), 1-109(3), A-601.1.

Specifically, the trial court's Order required that, within 30 days, Zaccone shall: (1) remove all completed façade work; (2) obtain necessary permits;

---

[1] The record also reflects that Zaccone stopped communicating with his initial counsel (Counsel) as described in Counsel's November 5, 2019 Petition to Withdraw as Counsel (Withdrawal Petition). Therein, Counsel averred that Zaccone "has refused to communicate with [C]ounsel[,]" that Counsel "has made several attempts to speak with [Zaccone] but they were to no avail[,]" and that Counsel "sent a letter to [Zaccone] outlining the above concerns[, but that Zaccone] has not contacted [Counsel]." R.R. at 83a. Counsel further claimed that "[Zaccone] has made it impossible for [Counsel] to adequately and effectively protect [Zaccone's] rights in this matter." *Id.* On November 5, 2019, the trial court granted Counsel's Withdrawal Petition.

[2] The trial court explained in its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) (Rule 1925a Opinion), that "the City is entitled to $150[.00] per violation for 738 days for an outstanding total of $442,800[.00]. However, the City has reduced this amount to $100,000[.00]." Rule 1925(a) Op. at 15, R.R. at 352a.

(3) work continuously in a workmanlike manner and pass all required inspections under permits obtained; (4) obtain a certificate of occupancy; (5) take all reasonable steps to ensure that L&I marks the violations as "complied[;]" and (6) obtain proper zoning and building permits for work performed without permits. *See* R.R. at 296a. The Order also directed that Zaccone permit L&I to inspect the Properties to confirm compliance with the Order. *See* R.R. at 297a. The Order also imposed a fine of $600.00 per day beginning upon the expiration of the 30 days, if Zaccone failed to timely complete the required remedial actions. *See id.*

The Order directed Zaccone to pay the $100,000.00 fine within 45 days, and declared that, if it was not timely paid, the amount would be entered as a judgment against Zaccone upon the City's praecipe. *See* R.R. at 297a. The Order also directed that the trial court will hold the matter under advisement until Zaccone has complied with all terms of the Order, and shall close the matter upon the City's filing of a praecipe. *See* R.R. at 299a. Finally, the Order set a hearing date to determine sanctions against Zaccone to address noncompliance with any of the terms of the orders entered in the matter. *See id.*

Zaccone appealed to this Court[3] pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 311(a)(4).[4] On November 25, 2020, Zaccone filed his brief in this Court. On January 26, 2021, the City filed its Application to Dismiss Appeal from a Non-Final Order and to Stay the Deadline for the City's Brief While this Application is Pending (Application to Dismiss). The City argues in the Application to Dismiss that Zaccone failed to properly develop his challenge to the injunctive portion of the Order and, therefore, abandoned the issue. Further, the City contends that, in his brief, Zaccone addressed only the propriety of the fines, which is an issue not properly before this Court, since the trial court's Order is not a final order. On February 16, 2021, Zaccone filed his Response to the Application to Dismiss (Response). By February 23, 2021 Order, this Court directed that the Application to Dismiss be listed with the merits of Zaccone's appeal.

Initially, this Court addresses the City's Application to Dismiss. Rule 341(a) provides, in relevant part, that "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). "A final order is any order that . . .

---

[3] This Court has explained:

> On appeal from an order granting a preliminary injunction, our scope of review is "limited to [determining] whether there were reasonable grounds for the action of the court below, and we will not consider the merits of the case or pass upon reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable." *Fox-Morris Assoc[s.], Inc. v. Conroy*, . . . 333 A.2d 732, 733-34 ([Pa.] 1975). Where, as here, the preliminary injunction appealed is mandatory in nature, which commands the performance of some positive act to preserve the status quo, "we have insisted that a clear right to relief in the plaintiff be established." *Mazzie v. Commonwealth*, . . . 432 A.2d 985, 988 ([Pa.] 1981).

*Wolk v. Sch. Dist. of Lower Merion*, 228 A.3d 595, 603 n.9 (Pa. Cmwlth. 2020).

[4] Rule 311(a)(4) permits, in pertinent part, immediate appeals from orders that grant or deny injunctive relief.

4

disposes of all claims and of all parties; or . . . is entered as a final order . . . ." Pa.R.A.P. 341(b). Notwithstanding, Rule 311(a)(4) states that "[a]n appeal may be taken as of right . . . from . . . [a]n order that grants or denies . . . an injunction . . . ." Pa.R.A.P. 311(a)(4). Thus, Zaccone was entitled to appeal from the trial court's grant of injunctive relief.

However, the City contends that Zaccone abandoned that issue by failing to adequately address it in his brief. The Pennsylvania Supreme Court has explained:

> [O]ur rules of appellate procedure are explicit that the argument contained within a brief must contain "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "[W]here an appellate brief **fails to provide any discussion of a claim with citation to relevant authority** or **fails to develop the issue** in any other meaningful fashion capable of review, **that claim is waived**. It is not the obligation of [an appellate court . . . ] to formulate [a]ppellant's arguments for him." *Commonwealth v. Johnson*, . . . 985 A.2d 915, 924 ([Pa.] 2009) (internal citations omitted).

*Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (emphasis added); *see also Dep't of Env't Prot. v. Green 'N Grow Composting, LLC*, 201 A.3d 282 (Pa. Cmwlth. 2018) (Where a party failed to develop argument and cite to the record or relevant authority, the party waived the issue.); *Irey v. Dep't of Transp.*, 72 A.3d 762, 770 n.8 (Pa. Cmwlth. 2013) (*en banc*) ("When a party's brief, and specifically the argument section of a brief, is **bereft of any legal analysis or citation to court decisions relating to the issues** an appellant seeks to have an appellate court review, the reviewing court may regard the appellant as having waived his arguments." (emphasis added)).[5]

---

[5] This Court explained, however:

> Rule 2119(a) . . . does not mandate citations to authority for every argument. The rule requires parties to support their arguments with

Here, Zaccone's Statement of Questions Involved states:

> Should the $100,000[.00] fine **and the harsh injunctive relief** imposed by the [c]ourt below for building code violations be reversed as excessive and in violation of Article I, Section 13 of the Pennsylvania . . . Constitution,[6] the 8th Amendment [to] the [United States] Constitution,[7] [s]tate [l]aw, and the [City] Home Rule Charter and P[ennsylvania] [s]tate [s]tatutes amending the enabling legislation?

Zaccone Br. at 2 (emphasis added). Nonetheless, in his brief's discussion section, Zaccone barely mentions the injunction. He provides **no** legal analysis addressing legal standards for the granting of injunctive relief, no citation to relevant authority, and no legal argument describing how the trial court erred by granting injunctive relief. In fact, Zaccone only addresses the injunction in passing within his lengthy excessive-fine discussions.

> Zaccone declares in his brief:

> [T]he Court has ordered that [Zaccone] must tear down existing façade work and redo it, since the City was allegedly unable to inspect it. While the [C]ity inspectors claimed the work was not inspected and was allegedly substandard, Zaccone rebutted that evidence with a letter from an engineer that the façade work was acceptable. Yet, the Court refused to consider the letter from the engineer and instead ordered the work to be torn down and redone. This is also a draconian and punitive penalty on [Zaccone]. When coupled with the catastrophic fine amount, the relief entered is clearly excessive and

---

"such discussion and citation of authorities as are deemed pertinent." *Id*. This Court declines to find waiver of arguments that contain no legal citations **but are otherwise sufficiently developed** to allow meaningful appellate review.

*Hillside Villas Condo. Ass'n, Inc. v. Bottaro Dev. Co.*, 177 A.3d 456, 465 n.9 (Pa. Cmwlth. 2018) (emphasis added).

[6] PA. CONST. art. I, § 13.

[7] U.S. CONST. amend. VIII.

confiscatory and will result in halting the development in its tracks.

Zaccone Br. at 14-15. Later, while contending that the fine imposed violates the City's Home Rule Charter, Zaccone concludes:

This Court should act to stop what is clearly an attempt to collect revenue in this case (and indeed many other cases), and which is having the unintended consequence of stopping development in its tracks and/or rendering properties undevelopable. Having a fine assessed to a project of $100,000[.00], where the [P]roperties themselves are not worth more than $19,100[.00] each, on top of construction costs which are obviously in the hundreds of thousands of dollars, and other holding costs, will stop this development in its tracks. This is a foolish and punitive result, which is clearly prohibited by the Home Rule Charter, and indeed appropriately so.

Zaccone Br. at 21. The above is the entirety of Zaccone's discussion addressing the injunction portion of the trial court's Order.

Zaccone argues in his Response that he "*specifically* challenged in his brief the mandatory injunction portion of the injunction order," referencing his Statement of the Questions Involved, and citing to the aforementioned passages. Zaccone Response at 6. Apart from Zaccone's claims that the ordered injunctive relief is "draconian[,]" "punitive[,]" "excessive[,]" "confiscatory[,]" and "foolish[,]" Zaccone's brief contains no reasoned legal analysis, citation to authority, or development of any argument challenging the trial court's grant of injunctive relief. Zaccone Br. at 14-15, 21. Therefore, this Court is constrained to conclude that Zaccone has waived his challenge to the trial court's grant of injunctive relief.

Having concluded that Zaccone waived his challenge to the injunctive relief portion of the trial court's Order, this Court next addresses whether it may consider Zaccone's appeal from the trial court's $100,000.00 fine. The Pennsylvania Superior Court has recognized that "the statutory authority authorizing an

7

interlocutory appeal . . . is limited to that issue." *Collier v. Nat'l Penn Bank*, 128 A.3d 307, 312 (Pa. Super. 2015).[8]

In *Collier*, the trial court overruled the defendant's preliminary objections in the nature of a petition to compel arbitration (petition to compel) and a demurrer premised on federal law preemption (demurrer). The trial court overruled the petition to compel because it found that there was no agreement to arbitrate, and overruled the demurrer because it rejected the defendant's preemption argument. The defendant appealed from the trial court's order to the Superior Court. In its opinion issued pursuant to Rule 1925(a), the trial court explained that only the portion of its order denying the petition to compel was appealable, *see* Pa.R.A.P. 311(a)(8), and that the portion overruling the demurrer was neither an appealable interlocutory order nor a collateral order subject to appellate review.

Acknowledging that "the statutory authority authorizing an interlocutory appeal of the denial of arbitration is limited to that issue[,]" the *Collier* Court stated that "in order to appeal the overruling of the demurrer premised on preemption, there must be an independent basis for [the] Court's jurisdiction." *Collier*, 128 A.3d at 312. The Superior Court agreed with the trial court and the plaintiff that "the only possible basis for [the Superior Court's] jurisdiction [over the federal preemption issue was] the collateral order doctrine[.[9]]" *Id.* After reviewing

---

[8] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[9] Whether an order is appealable as a collateral order is a question of law; as such, our standard of review is *de novo* and our scope of review is plenary. Moreover, where the issue presented is a question of law as opposed to a question of fact, an appellant is entitled to review under the collateral order doctrine; however, if a question of fact is presented, appellate jurisdiction does not exist.

*Collier*, 128 A.3d at 312 (citation omitted).

the requirements for the collateral order doctrine, the *Collier* Court concluded that the defendant had not satisfied the requirements and, as a result, the Superior Court had no jurisdiction to review the trial court's order overruling the demurrer based on federal preemption. Consequently, it quashed the appeal from that portion of the trial court's order.

Consistent with *Collier*, this Court's jurisdiction under Rule 311(a)(4) to address the trial court's grant of injunctive relief in the instant matter is limited to that issue. In order to challenge other issues,

> there must be an independent basis for this Court's jurisdiction. *See Rae v. P[a.] Funeral Dir[s.] Ass'n,* . . . 977 A.2d 1121, 1130 ([Pa.] 2009) (noting the collateral order test[10] must be applied independently to each distinct legal issue over which an appellate court is asked to assert jurisdiction pursuant to Rule 313 [(relating to collateral orders)]).

*Collier*, 128 A.3d at 312.

---

[10] [Rule] 313(b) provides that a collateral order is one[:] (1) separable from, and collateral to the main cause of action; (2) that involves a right that is too important to be denied review; and (3) presents a question such that if review were postponed until final judgment in the case, the claim would be irreparably lost.

*Collier*, 128 A.3d at 312. The Pennsylvania Superior Court has further stated:

> Our case law has made it clear that all three prongs of the rule must be satisfied in order to qualify as a collateral order for our review. *See Melvin* [*v. Doe*], 836 A.2d [42,] 46 [(Pa. 2003)]. The collateral order doctrine is "a specialized, practical application of the general rule that only final orders are appealable as of right." *Id.* (quoting *Geniviva v. Frisk,* . . . 725 A.2d 1209, 1214 ([Pa.] 1999)). As such, this Court must stringently apply the requirements of the collateral order doctrine. *See id.*; *see also Rae* . . . , 977 A.2d [at 1126]. Absent the satisfaction of all three prongs of the collateral order test, [an appellate c]ourt has no jurisdiction to consider an appeal of an otherwise non-final order.

*Spanier v. Freeh*, 95 A.3d 342, 345 (Pa. Super. 2014).

9

Here, the trial court's Order imposing the $100,000.00 fine is not a final order. It does not "dispose[] of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). Further, it "is [not] entered as a final order[.]" Pa.R.A.P. 341(b)(3). In fact, the trial court's Order makes clear that

> [t]he [trial court] shall hold the matter under advisement until all violations have been complied, all terms of this [O]rder have been fulfilled, and shall close the matter upon the filing of a praecipe by the [City]. If necessary, the matter may be relisted for hearing upon the filing of a praecipe by either party.

R.R. at 299a. The Order also schedules a subsequent hearing before the trial court "to determine what sanctions are to be imposed against [Zaccone] for non[]compliance with any of the terms of the [o]rders entered in this matter, including a determination of any fines and costs to be imposed against [Zaccone] and of any further appropriate relief." *Id.*

Therefore, as in *Collier*, it appears that the only possible basis for this Court's jurisdiction over the trial court's imposition of the fine is the collateral order doctrine. However, Zaccone does not assert any alternative basis for this Court's jurisdiction (including the collateral order doctrine) and, accordingly, does not sustain his burden to satisfy the collateral order doctrine's requirements. *See Shearer v. Hafer*, 177 A.3d 850 (Pa. 2018). Accordingly, this Court lacks jurisdiction to review the trial court's imposition of the fine.

For all of the above reasons, the Application to Dismiss is granted.


_____
ANNE E. COVEY, Judge


10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia               :
                                       :

             v.                  :
                                         :

William Zaccone,            :     No.  535 C.D. 2020
                Appellant      :

## O R D E R

AND NOW, this 14th day of July, 2021, the City of Philadelphia's Application to Dismiss Appeal from a Non-Final Order and to Stay the Deadline for the City's Brief While this Application is Pending is GRANTED and William Zaccone's appeal is DISMISSED.

_____
ANNE E. COVEY, Judge